IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
May 25, 2006 Session

## NEVA JANE MARCRUM v. THOMAS T. MARCRUM, SR.

**Appeal from the Chancery Court for Lewis County**
**No. 4679     Jeffrey S. Bivins, Judge**

**No. M2005-01363-COA-R3-CV - Filed on January 4, 2007**

The sole issue in this appeal involves the division of property upon the divorce of the two parties. Having reviewed the record, we modify the division as to one specific finding of fact and affirm the judgment as modified.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Affirmed as Modified**

PATRICIA J. COTTRELL, J., delivered the opinion of the court, in which WILLIAM B. CAIN, and FRANK G. CLEMENT, JR., J.J., joined.

David D. Peluso, Hohenwald, Tennessee, for the appellant, Neva Jane Marcrum.

Billy W. Townsend, Hohenwald, Tennessee, for the appellee, Thomas T. Marcrum, Sr.

### OPINION

The parties, Neva Jane Marcrum and Thomas T. Marcrum, were married in 1996. Both had been married previously, both had children from the prior marriages, and each came into the marriage with property they had acquired earlier. They separated in August 2003 and were divorced by order entered in May of 2005. At the time of the divorce, the husband was 67 years old, and the wife was 59. The dispute in this appeal concerns the trial court's apportionment of interests in real property.

When the parties first married, they lived in a residence purchased by the wife before the marriage, called the Peters Road Property, consisting of 4.5 acres and a used mobile home. After about a year, the parties moved to property on Summertown Highway, consisting of 8 acres and a new modular home. This property was purchased by the husband after the marriage.

The wife had purchased the Peters Road Property in 1994 for $22,000 ($3,500 for the land, $18,500 for the mobile home). She made a number of improvements during the time she owned the land, some prior to the marriage and some after it. The husband helped with some of the work on the improvements. The property was assessed for tax purposes at $27,300 in 1996, the year of the marriage. After the parties moved out, repairs and improvements on the property continued, and the property was rented out. When the wife left the husband, she moved into the Peters Road property for a while, but then sold it for $50,000.

The Summertown Highway property was purchased solely in the husband's name. The land cost $17,500, the home $55,000, and another $8,000 was spent on foundation, a septic tank, a well and other site preparation. The husband used money from a separately-owned mutual fund ($25,000), an insurance policy ($12,900), and the sale of various pieces of personal property, including a number of cars to purchase the property. He also sold a piece of real property for $10,000 around the time he bought the Summertown Highway property.

The husband testified that the total cost of the Summertown Highway property was $115,888.18.[1] He also testified that he owed $28,000 - $29,000 to his bank and $38,000 to his brother from a loan, although it is not clear that the second loan is at all connected to the real property. At trial, the husband testified the property was worth $100,000 to $115,000, and an appraiser valued it at $117,000.

After trial, the trial court found the Peters Road property to have been wife's separate property, but that the increase in its value during the marriage was marital property.[2] The court similarly found that the Summertown Highway property was the husband's separate property, but that any increase in its value during the marriage was marital property. The court specifically found that each party had contributed to the maintenance and appreciation of the other's separate property. The parties do not appeal these basic findings. Instead, the dispute on appeal centers on the calculation of the amount subject to distribution and on the actual division of the appreciation in value of the two pieces of separate property.

First, the wife challenges the trial court's calculation of the increase in value of the Peters Road property, but does not object to the court's distribution of that increase, 2/3 to the wife and 1/3 to the husband. The trial court found that the Peters Road property had a value of $22,000 at the time of the marriage and a value of $50,000 when it was sold, leaving an increase of $28,000 to be distributed as marital property. The valuation of a marital asset is a question of fact to be determined by considering all the relevant evidence. *Wallace v. Wallace*, 733 S.W.2d 102, 107 (Tenn. Ct. App. 1987). On appeal, we presume the trial judge's factual determinations as to value are correct unless

_____

[1] Obviously, this amount does not match the total of the various initial costs outlined above. The difference is accounted for, apparently, by other improvements made after the initial purchase.

[2] Of course, since the property had been sold, the court's classification process was relevant to distribution of the proceeds.

the evidence preponderates against them. Tenn. R. App. P. 13(d); *Jahn v. Jahn*, 932 S.W.2d 939, 941 (Tenn. Ct. App. 1996).

Having reviewed the record, we agree with the wife that the evidence preponderates against the trial court's finding that the property was worth $22,000 at the time of the marriage. Based upon the testimony regarding improvements made to the property prior to the marriage as well as the tax appraisal, we find the value at the time of the marriage to have been $28,000. Accordingly, the increase in value during the marriage subject to division as marital property is $22,000. The husband is awarded 1/3 of that amount, or $7,334, which is due from the wife who kept the proceeds from the sale.

With regard to the Summertown Highway property, the trial court calculated the increase in value during the marriage at $37,500 and awarded 3/4 of that amount to the husband and 1/4 ($9,375) to the wife. On appeal, the wife does not challenge the calculation of the amount of marital property. However, she asserts the division is inequitable and not consistent with the relevant statutory factors in Tenn. Code Ann. § 36-4-121(c) and asks for an equal division.

There was a great deal of testimony about the contributions, generally in the form of labor, that each party made to the maintenance or improvement of the other's separate property. It is clear, however, that these parties, who married later in life and had separate families of their own, generally kept their finances and property separate.

After identifying the marital property, the trial court is charged with equitably dividing, distributing, or assigning the marital property in "proportions as the court deems just." Tenn. Code Ann. § 36-4-121(a)(1); *Jolly v. Jolly*, 130 S.W.3d 783, 785 (Tenn. 2004). The court is to consider all relevant factors in its distribution, including those listed in Tenn. Code Ann. § 36-4-121(c).[3] *Jolly*, 130 S.W.3d at 786; *Flannary v. Flannary*, 121 S.W.3d 647, 650 (Tenn. 2003). The court may

---

[3] These factors are:

(1) The duration of the marriage;

(2) The age, physical and mental health, vocational skills, employability, earning capacity, estate, financial liabilities and financial needs of each of the parties;

(3) The tangible or intangible contribution by one (1) party to the education, training or increased earning power of the other party;

(4) The relative ability of each party for future acquisitions of capital assets and income;

(5) The contribution of each party to the acquisition, preservation, appreciation, depreciation or dissipation of the marital or separate property, including the contribution of a party to the marriage as homemaker, wage earner or parent, with the contribution of a party as homemaker or wage earner to be given the same weight if each party has fulfilled its role;

(6) The value of the separate property of each party;

(7) The estate of each party at the time of the marriage;

(8) The economic circumstances of each party at the time the division of property is to become effective;

(9) The tax consequences to each party, costs associated with the reasonably foreseeable sale of the asset, and other reasonably foreseeable expenses associated with the asset;

(10) The amount of social security benefits available to each spouse; and

(11) Such other factors as are necessary to consider the equities between the parties.

consider any other factors necessary in determining the equities between the parties, Tenn. Code Ann. § 36-4-121(c)(11), except that division of marital property is to be made without regard to marital fault. Tenn. Code Ann. § 36-4-121(a)(1).

The court's distribution of property is to be achieved by considering and weighing the most relevant factors in light of the unique facts of the case. *Batson v. Batson*, 769 S.W.2d 849, 859 (Tenn. Ct. App. 1988); *see also Flannary*, 121 S.W.3d at 605; *Tate v. Tate*, 138 S.W.3d 872, 875 (Tenn. Ct. App. 2003). An equitable distribution is not necessarily an equal one, and a division is not rendered inequitable simply because it is not precisely equal. *Robertson v. Robertson*, 76 S.W.3d 337, 341 (Tenn. 2002); *Cohen v. Cohen*, 937 S.W.2d 823, 832 (Tenn. 1996); *Kinard v. Kinard*, 986 S.W.2d 220, 230 (Tenn. Ct. App. 1998); *Word v. Word*, 937 S.W.2d 931, 933 (Tenn. Ct. App. 1996). Similarly, equity does not require that each party receive a share of every piece of marital property. *King v. King*, 986 S.W.2d 216, 219 (Tenn. Ct. App. 1998); *Brown v. Brown*, 913 S.W.2d 163, 168 (Tenn. Ct. App. 1994).

Decisions regarding division of marital property are fact-specific, and many circumstances surrounding the property and the parties play a role. A trial court has a great deal of discretion concerning the manner in which it divides marital property. *Jolly*, 130 S.W.3d at 785; *Flannery*, 121 S.W.3d at 650; *Smith v. Smith*, 984 S.W.2d 606, 609 (Tenn. Ct. App. 1997). Appellate courts ordinarily defer to the trial court's decision unless it is inconsistent with the factors in Tenn. Code Ann. §36-4-121(c) or is not supported by a preponderance of the evidence. *Jolly*, 130 S.W.3d at 785-86.

We have modified the valuation of the increase in the Peters Road property, and when that adjustment is made, the wife owes the husband $7,334. Under the trial court's distribution of the increase in value in the Summertown Highway property, the husband owes the wife $9,375. Based on all the evidence in the record regarding the parties and their marriage, we cannot find this distribution inequitable, not based on the relevant factors, or against the weight of the evidence.

Accordingly, we modify the trial court's final judgment to award to the wife $2,041 to be paid by the husband. Costs are taxed equally between the parties.

_____
PATRICIA J. COTTRELL, JUDGE

-4-