IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
JUNE 18, 2008 Session

## MILDRED LOUISE CAMPBELL v. CHESTER EUGENE CAMPBELL

Direct Appeal from the Chancery Court for Crockett County
No. 8747    George R. Ellis, Chancellor

No. W2007-01374-COA-R3-CV - Filed July 31, 2008

This appeal involves the trial court's classification and division of marital assets upon the parties' divorce. The wife contends that the trial court incorrectly classified improvements made to the husband's home with monies taken from the parties' joint account as the husband's separate property. Only the wife filed a brief, and we do not have a transcript of the proceedings or a statement of the evidence. We affirm the trial court's ruling.

Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Affirmed

ALAN E. HIGHERS, P.J.,W.S., delivered the opinion of the court, in which DAVID R. FARMER, J., and WALTER KURTZ, SR. J., joined.

David W. Camp, Jackson, TN, for Appellant

No Appearance for Appellee

# MEMORANDUM OPINION[1]

## I. FACTS & PROCEDURAL HISTORY

On August 8, 2005, Mildred Louise Campbell ("Wife" or "Appellant") filed for divorce from Chester Eugene Campbell ("Husband" or "Appellee"), citing inappropriate marital conduct. The couple married on March 25, 2005, and separated on July 23, 2005. This was Wife's third marriage, and Husband's fourth. Husband was 56 years old at the time, and Wife was 58. Husband filed an answer and counterclaim, also citing inappropriate marital conduct.

On August 19, 2005, the court ordered the monies in Husband and Wife's joint checking account frozen and held in escrow, "with the exception of $3,000.00 to [Husband] for reasonable living expenses."

On March 13, 2006, Husband's attorney withdrew and Husband apparently decided to proceed pro se. The trial was held on May 8, 2006, and the final decree of divorce was entered on July 24, 2006. The final decree reads:

1. The parties are granted an absolute divorce by sworn stipulation.
2. Each party shall have the separate real and personal property, which included the home of the Husband that he owned prior to the marriage, that each party brought into the marriage.
3. At the beginning of the marriage, both parties put separate funds into a joint checking account that was used to pay debts, pay bills, make improvements to the home and shop belonging to the Husband, and purchase another home.
4. The Husband put $55,000.00 or 48% of the money into that account, and the Wife put $60,000.00 or 52% of the money into that account.
5. At the time of separation, there was $60,000.00 left from that joint account consisting of the home purchased from that account (valued by the Court at $28,791.00) and $31,209.00 in cash.
6. The [W]ife shall receive the home purchased from the account and an additional $2409.00 in cash from the money held in escrow as her separate property, and the [H]usband shall be divested from his interest in the home purchased from

[1] Rule 10 (Court of Appeals). *Memorandum Opinion.* This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

the account and shall receive as his separate property all the
remaining cash held in escrow less the $2409.00 paid to the
Wife.

. . .

Wife filed her notice of appeal, but this Court entered an order requiring Wife to obtain a final judgment, as the July 24, 2006 decree did not address the request of attorney's fees. **(p55).** The trial court entered a supplemental final decree of divorce dismissing all other claims on June 5, 2007, and Wife timely filed her notice of appeal. On October 10, 2007, Wife filed a notice that no transcript or statement of the evidence would be filed.

## II. ISSUE PRESENTED

Wife presents one issue for our review: whether she is entitled to a credit for any joint monies spent on the improvements made to Husband's home, which the trial court classified as Husband's separate property. Due to the insufficiency of the record, we affirm.

## III. STANDARD OF REVIEW

We review questions of law de novo with no presumption of correctness. As to the trial court's findings of fact, we review the record de novo with a presumption of correctness. *Keyt v. Keyt*, 244 S.W.3d 321, 327 (Tenn. 2007) (citing Tenn. R. App. P. 13(d); *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91)). The trial court has broad discretion in the equitable division of the marital estate. *Id.* (citing *Flannary v. Flannary*, 121 S.W.3d 647, 650 (Tenn. 2003)). The trial court's decisions concerning the division of marital assets are given great weight on appeal, and "we are disinclined to disturb the trial court's decision unless the distribution lacks proper evidentiary support or results in some error of law or misapplication of statutory requirements and procedures." *Id.* (quotation omitted).

## IV. DISCUSSION

Wife contends that monies from the joint checking account were used to make improvements to Husband's home, and that the trial court erred in failing to determine the amount of the improvements and failing to include that amount as marital property.

Division of the marital estate begins with the trial court's identification of all property interests, and then the determination of whether the property is marital or separate. *Id.* at 328 (citations omitted). "[A] spouse seeking to include the other spouse's separate property in the marital estate has the burden of proving that the property fits within the statutory definition of marital property." *Id.* (citation omitted). As applicable to this case, Tenn. Code Ann. § 36-4-121(b)(2) defines separate property as "[a]ll real and personal property owned by a spouse before marriage[.]" Marital property includes "any increase in value during the marriage of [ ] property determined to

-3-

be separate property in accordance with subdivision (b)(2) if each party substantially contributed to its preservation and appreciation[.] . . ." Tenn. Code Ann. § 36-4-121(b)(1)(B).

Additionally, our courts have "described two methods by which separate property may be converted into marital property: commingling and transmutation." *Langschmidt v. Langschmidt*, 81 S.W.3d 741, 747 (Tenn. 2002). If the property is traceable to separate property, then it "constitutes separate property unless it has been gifted to the marital estate or has been transmuted into marital property through inextricable commingling with marital estates." *Keyt v. Keyt*, 244 S.W.3d 321, 328 n.7 (Tenn. 2007) (quotation omitted).

Turning back to the present case, Wife correctly points out that $55,000 was taken out of the joint account during this brief marriage; however, we are unable to ascertain where the money was spent. Due to a lack of a statement of the evidence, we have no way of knowing how much money was expended on the improvements to Husband's home and shop, or if evidence was introduced at trial as to any increase in the value of Husband's home and/or shop. *See Keyt v. Keyt*, 244 S.W.3d 321, 329 (Tenn. 2007) ("Obviously, the party claiming that an increase in value of separate property is marital property must initially demonstrate that an increase in value has occurred."). Wife argues in her brief that "no value was given to the improvements that were made to Husband's [h]ome[,]" but does not mention whether she introduced evidence at trial as to the amount of the increase in value of the home due to the improvements. Absent a statement of the evidence, we presume no evidence was introduced and thus, we affirm. *See King v. King*, 986 S.W.2d 216, 220 (Tenn. Ct. App. 1998).

## V. CONCLUSION

For the aforementioned reasons, we affirm. Costs of this appeal are taxed to Appellant, Mildred Louise Campbell, and her surety for which execution may issue if necessary.

_____
ALAN E. HIGHERS, P.J., W.S.