IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
December 8, 2009 Session

# KEVIN JOSEPH McHUGH v. CAROLE ANN McHUGH

**Appeal from the Probate Court for Cumberland County**
**No. 08-PF-708      Larry M. Warner, Judge**

**No. E2009-01391-COA-R3-CV - Filed April 16, 2010**

This appeal concerns the distribution of marital property. After a bench trial, the court entered the Final Decree of Divorce and distributed the marital property. Wife subsequently filed a motion to reconsider and for attorney's fees. The trial court denied the motion in part and awarded approximately $2,087.50 in attorney's fees and litigation expenses to Wife. Wife appeals. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Probate Court Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., and D. MICHAEL SWINEY, JJ., joined.

Phillips M. Smalling, Byrdstown, Tennessee, for the appellant, Carole Ann McHugh.

Tom Beesley, Crossville, Tennessee, for the appellee, Kevin Joseph McHugh.

**OPINION**

## I. BACKGROUND

Kevin Joseph McHugh ("Husband") and Carole Ann McHugh ("Wife") were married in 2005, and after three years of marriage, Husband filed a Complaint for Divorce on October 7, 2008. Husband has two children from a previous marriage for whom he paid child support and assisted with educational expenses. Wife has one child, who lived with the parties during their marriage.

Husband is a real estate broker in Cumberland County, Tennessee. At the time of the marriage, Husband earned approximately $70,000 per year, but during the course of the

marriage, his income diminished to less than one-half that amount. At trial, Husband testified that he contributed his income to living expenses incurred during the marriage and to his obligations from the previous marriage.

Wife is an ophthalmic assistant, who earned approximately $2,300 per month at the time of the marriage. She earned approximately $2,500 per month at the time of the marital separation. Wife testified that she contributed her income to her own 401K plan but all of the remaining net income went into a joint account for the benefit of the marriage. Wife's employment provided health insurance coverage for the couple, Wife's daughter, and one of Husband's daughters.

A bench trial occurred on April 6, 2009. The litigated issues at trial surrounded the division of the marital property – specifically the marital residence and a Certificate of Deposit ("CD"). When the parties began dating, Husband owned a house located on Sheffield Drive in Crossville, Tennessee ("Sheffield Property"). In November 2004, Husband purchased a house located on Oakmont Drive in Crossville, Tennessee ("Oakmont Property"), titled the property in his name, and moved into the house. At trial, Wife testified that they were planning to marry during the purchase of the Oakmont Property and the home was purchased with the intent that it would become their marital home. After the parties married in May 2005, they lived at the Oakmont Property while Husband rented the Sheffield Property in an amount that covered the Sheffield Property's mortgage payments. The parties made three payments from their joint account toward the mortgage for the Oakmont Property. In September 2005, Husband sold the Sheffield Property and used the proceeds from the sale plus pre-marital savings, to pay off the mortgage for the Oakmont Property.

The CD at issue totals approximately $24,711.34. Although Wife claims that the CD came into existence during the marriage and was titled jointly in both their names, Husband contends otherwise. Husband asserts that the CD originated in 2003, before the marriage. Husband claims that the CD matured during the marriage. He took the funds from the original CD and reinvested the funds into another CD account, where he added Wife's name to the later account. As a result, Wife did not contribute any money to the original investment of the CD.

At trial, on April 6, 2009, the parties consented to a divorce on stipulated grounds, entitling both parties to an absolute Decree of Divorce. The trial court found that Husband was entitled to the exclusive possession and title of the marital residence, the Oakmont Property. The trial court also awarded the CD to Husband and ordered Husband to pay $2,413.00 on a marital credit card debt. The trial court entered the Final Decree on May 4, 2009.

Wife subsequently filed a motion to reconsider and for attorney's fees and discretionary costs. In that Motion, Wife asserted that her interests in the marital residence and the CD entitled her to an award. After a hearing on the Motion, the trial court denied any modification to the distribution of the marital estate but awarded $2,087.50 in attorney's fees and litigation expenses to Wife. Wife then filed this appeal challenging the division of the marital estate and award of attorney's fees.

## II. ISSUES

The issues for review are restated as follows:

A. Whether the trial court's division of the marital property is supported by a preponderance of the evidence in light of the statutory factors found at Tenn. Code Ann. § 36-4-121(c).

B. Whether the trial court erred in failing to award the total amount requested by Wife for attorney's fees.

## III. STANDARD OF REVIEW

On appeal, we review the decision of a trial court sitting without a jury de novo upon the record, accompanied by a presumption of correctness of the trial court's findings of fact, unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13(d); *Bogan v. Bogan*, 60 S.W.3d 721, 727 (Tenn. 2001). A trial court's conclusions of law are subject to a de novo review with no presumption of correctness. *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993). The classification of property as either marital or separate property is a question of fact for the trial court. *See Mitts v. Mitts*, 39 S.W.3d 142, 144-45 (Tenn. Ct. App. 2000). Therefore, the trial court's findings with respect to property classification are reviewed de novo with a presumption of correctness below. *Id.* at 144. A trial court is vested with broad discretion when exercising its duty to equitably divide marital assets in a divorce proceeding. *Flannery v. Flannery*, 121 S.W.3d 647, 650 (Tenn. 2003). Therefore, we will not disturb a trial court's division of the marital estate on appeal "unless the distribution lacks proper evidentiary support or results from an error of law or a misapplication of statutory requirements and procedures." *Thompson v. Thompson*, 797 S.W.2d 599, 604 (Tenn. Ct. App. 1990).

## IV. DISCUSSION

### A.

Wife contends that the trial court did not equitably distribute the martial estate because it failed to award an amount reflecting her interests in the marital residence and the CD. Wife acknowledges that the trial court is vested with broad discretion when exercising its duty to equitably divide marital assets in a divorce proceeding, but she challenges whether the statutory factors found at Tenn. Code Ann. § 36-4-121(c) (1) - (11) support the trial court's division of the marital estate. Because her income provided resources for household expenses like utility bills and living costs, Wife asserts that the trial court erred by failing to consider her contributions to the marital residence. Additionally, Wife claims that the funds in the CD were obtained during the marriage. She points out that her income contributed to the economic well-being of the parties, which aided in the preservation of the deposit. Wife contributed her entire income of approximately $27,000.00 per year to the joint account.

In response, Husband contends that this court should not disturb a trial court's discretionary decision to divide a marital estate if the decision is within a range of acceptable alternatives. He points out that this court "will not substitute [our] decision for that of the trial court simply because the appellate court would have chosen a different alternative." *See Clement v. Clement*, No. W2003-02388-COA-R3-CV, 2004 WL 3396472, at * 19 (Tenn. Ct. App., W.S. Dec. 30, 2004); *White v. Vanderbilt Univ.*, 21 S.W.3d 215, 223 (Tenn. Ct. App. 1999). Husband also argues that the marriage was of a short duration and the trial court properly restored the parties to their respective pre-marital financial situations. Wife left the marriage without owing any debts; however, Wife entered into the marriage with a debt of $3,000.00. Husband concedes that by titling the CD in both their names, he made an inter vivos gift to the marital estate, but he claims that the trial court correctly returned the CD to him because he substantially funded the CD.

Because Tennessee is a "dual property" state, a trial court must identify all of the assets possessed by the divorcing parties as either separate property or marital property before equitably dividing the marital estate. *See generally* Tenn. Code Ann. § 36-4-121(a)(1) (2005); *see Snodgrass v. Snodgrass*, 295 S.W.3d 240, 246 (Tenn. 2009). Separate property is not subject to division. *See Cutsinger v. Cutsinger*, 917 S.W.2d 238, 241 (Tenn. Ct. App. 1995). In contrast, Tenn. Code Ann. § 36-4-121(c) outlines the relevant factors that a court must consider when equitably dividing the marital property without regard to fault on the part of either party. Tenn. Code Ann. § 36-4-121(a)(1). An equitable division of marital property is not necessarily an equal division, and § 36-4-121(a)(1) only requires an *equitable* division. *See Robertson v. Robertson*, 76 S.W.3d 337, 341 (Tenn. 2002).

Tenn. Code Ann. § 36-4-121(b)(2) defines "separate property" as:

(A) All real and personal property owned by a spouse before marriage, including, but not limited to, assets held in individual retirement accounts (IRAs) as that

term is defined in the Internal Revenue Code of 1986, as amended;

(B) Property acquired in exchange for property acquired before the marriage;

(C) Income from and appreciation of property owned by a spouse before marriage except when characterized as marital property under subdivision (b)(1);

(D) Property acquired by a spouse at any time by gift, bequest, devise or descent;

(E) Pain and suffering awards, victim of crime compensation awards, future medical expenses, and future lost wages; and

(F) Property acquired by a spouse after an order of legal separation where the court has made a final disposition of property.

Tenn. Code Ann. § 36-4-121(b)(2)(A) - (F) (2005). Marital property is defined as "all real and personal property, both tangible and intangible, acquired by either or both spouses during the course of the marriage up to the date of the final divorce hearing and owned by either or both spouses as of the date of filing of a complaint for divorce. . . ." Tenn. Code Ann. § 36-4-121(b)(1)(A) (2005).

Separate property can become marital property due to the parties' treatment of separate property through the doctrines of commingling and transmutation. *Smith v. Smith*, 93 S.W.3d 871, 878 (Tenn. Ct. App. 2002). Commingling occurs when one spouse's separate property is "'inextricably mingled with marital property or with the separate property of the other spouse'" during the marriage. *Id.* (internal citations omitted). Transmutation occurs when a spouse treats separate property "in such a way as to give evidence of an intention that it become marital property." *Id.* "The rationale underlying both of these doctrines is that dealing with property in these ways creates a rebuttable presumption of a gift to the marital estate." *Id.* This "presumption can be rebutted by evidence of circumstance or communications clearly indicating an intent that the property remain separate." *Id.*

The trial court found that the Oakmont Property "remained titled solely in [H]usband's name, and did not appreciate in value during the marriage." As a result of that finding, the trial court ruled that Wife's interest in the property, if any, "is hereby divested from her and returned to [H]usband." Regarding the CD, the trial court noted:

[H]usband owned a certificate of deposit prior to the marriage. During the marriage, he reinvested that money and added [W]ife's name to the account. At

the time of separation, [W]ife cashed the certificate of deposit and has held the funds in her own savings account. The value at the time of trial was approximately Twenty-Four Thousand[,]Seven Hundred Eleven and 34/100 (24,711.34) Dollars. . . . [W]ife did not fund this account or contribute to the appreciation, if any, and the funds should be returned to [H]usband.

The trial court then ordered Wife to return the proceeds of the CD to Husband.

Although both the Oakmont Property and the CD initially were Husband's separate property because they were acquired before the marriage, *see* Tenn. Code Ann. § 36-4-121(b)(2)(A), his treatment of the separate property transmuted it into marital property. *See Smith*, 93 S.W.3d at 878. At trial, Wife testified that Husband carried her across the threshold of the Oakmont Property and told her that "[t]his will be your home." Wife's trial testimony also reveals that her income contributed to paying utility bills and other expenses related to the upkeep of the home. With regard to the CD, Husband admitted in his trial testimony that he elected to put the CD account in both of their names.

Nonetheless, our review of the record does not reveal evidence that preponderates against the trial court's distribution of the marital property at issue. As required by Tenn. Code Ann. § 36-4-121(c) (2005), a trial court shall consider all relevant statutory factors "in making an equitable distribution of marital property."

In the case at bar, the trial court equitably divided the marital estate based on the factors found in § 36-4-121(c). In the Final Divorce Decree, it appears the following factors guided the trial court's distribution of the marital estate: the short duration of the marriage, *see* Tenn. Code Ann. § 36-4-121(c)(1); Husband's significant financial contribution to the marital estate, *see* Tenn. Code Ann. § 36-1-121(c)(5); and each party's return to their respective pre-marital economic circumstances at the time of the division of the marital property, *see* Tenn. Code Ann. § 36-4-121(c)(8). This court will not disturb the trial court's division of the marital estate "unless the distribution lacks proper evidentiary support or results from an error of law or a misapplication of statutory requirements or procedures." *Thompson v. Thompson*, 797 S.W.2d at 604; *see also Manis v. Manis*, 49 S.W.3d 295, 306 (Tenn. Ct. App. 2001) (explaining that the appellate courts "ordinarily defer to the trial judge's decision unless it is inconsistent with the factors in Tenn. Code Ann. § 36-4-121(c) or is not supported by a preponderance of the evidence."). We find nothing to suggest error.

B.

Wife challenges the trial court's award of attorney's fees in her favor. Wife submitted a motion for attorney's fees and litigation expenses in the amount of $3,375.00, which was supported by affidavit. The trial court subsequently awarded approximately $2,087.50.

Wife argues that the trial court ignored a key consideration – the relative asset position for the parties. *See Wood v. Wood*, No. M2003-00193-COA-R3-CV, 2004 WL 3008875, at *9-10 (Tenn. Ct. App. M.S., Dec. 28, 2004). Wife claims Husband owns the marital residence without any encumbrances and holds thousands of dollars in cash assets.

Husband counters that an award of attorney fees constitutes an award of alimony in solido and need is the critical factor when determining whether to award attorney's fees. *See Eldridge v. Eldridge*, 137 S.W.3d 1, 24-25 (Tenn. Ct. App. 2002). Husband maintains that the decision to award attorney's fees is within the trial court's discretion and that decision cannot be overturned without a clear abuse of discretion. *See Aaron v. Aaron*, 909 S.W.2d 408, 411 (Tenn. 1995).

We agree with Husband; without a clear abuse of discretion, we will not overturn an award of attorney's fees. We find nothing to indicate that the trial court abused its discretion in awarding a partial amount of the attorney's fees to Wife. Accordingly, we affirm.

## V. CONCLUSION

We affirm the trial court's division of the marital estate. We find the evidence is sufficient to support awarding the Oakmont Property and the CD to Husband. We also affirm the trial court's award of attorney's fees and litigation expenses in the amount totaling $2,087.50 to Wife. This case is remanded to the trial court for proceedings consistent with this opinion, if necessary. Costs of this appeal are assessed against the appellant, Carole Ann McHugh.

_____
JOHN W. McCLARTY, JUDGE

-7-