FILED
10/20/2021
Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
September 21, 2021 Session

**ROGER DALE GRICE v. DAWN MARIE GRICE**

**Appeal from the Circuit Court for Montgomery County**
**No. CC-19-CV-1543        Kathryn Wall Olita, Judge**

_____

**No. M2020-00931-COA-R3-CV**
_____

Following a divorce, a husband appeals the trial court's division of his military retirement benefit.  Discerning no error, we affirm the trial court's order.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the court, in which THOMAS R. FRIERSON, II, J., and KRISTI M. DAVIS, J., joined.

Daniel P. Bryant, Clarksville, Tennessee, for the appellant, Roger Dale Grice.

Sheri S. Phillips and Sharon T. Massey, Clarksville, Tennessee, for the appellee, Dawn Marie Grice.

**OPINION**

**I.        BACKGROUND**

Appellant Roger Grice ("Husband") and Appellee Dawn Grice ("Wife") were married on December 16, 1998.  They do not have children.  The parties separated in May of 2019 when Husband left the marital home.  Husband filed a complaint for divorce in July of 2019.  During the marriage, both parties were active duty service members, but both retired from the Army before the divorce.  Husband was a member of the Army for twenty-one years, eleven months, and ten days, from December of 1993 until February of 2015.  Wife entered the Army in May of 1997 and was honorably discharged in 2015 because she could not pass a physical fitness test.  Both parties deployed overseas during their service.  The Department of Veterans Affairs ("VA") determined that Husband is 100% disabled and that Wife is 90% disabled due to service-connected disabilities.

Through mediation, the parties divided personalty. The case proceeded to trial on March 10, 2020. Husband was then forty-four years old and Wife was then forty-two. The parties stipulated the grounds for divorce. Husband testified that his injuries limit his ability to work and that he has not maintained regular employment in several years. Previously, Husband attended Miller-Motte College to learn truck driving. Over time, he also acquired skills in automotive mechanics and used those skills when working on his motorcycles. Husband presented a copy of his military retirement statement showing a gross monthly military retirement benefit in the amount of $2,438. At the time of trial, Wife had not worked in five years but was a junior at Austin Peay State University. Some of her education was funded through the Post-9/11 GI Bill, but she paid the rest out of pocket. Wife does not receive a retirement benefit from the Army but monthly receives $2,017.96 of VA disability payments. She expressed her immediate goal as "get on my feet and get a degree and . . . get a job." At the time of trial, Husband's monthly VA benefit award was $3,279.22. Both parties are enrolled in the Thrift Savings Plan ("TSP"),[1] and each of their TSPs accrued value during the marriage. Husband's TSP was valued at $3,000 and Wife's was valued at $47,318.22, as of the date of trial.

At the close of proof, the trial court announced its rulings and detailed the division of marital property. By final decree entered April 15, 2020, the trial court declared the parties divorced and summarized its rulings. As relevant to the issue on appeal, the trial court determined that "Husband's retirement is considered to be marital property." The court found that the parties had been married twenty-two years and that 195 months of the marriage overlapped with Husband's 263-month Army career. Thus, the trial court calculated that 74% of Husband's military retirement benefit was marital property and awarded half (37%) of that benefit to Wife.[2] The trial court awarded Husband half of the value of Wife's TSP as of March 10, 2020. Husband retained the entire value of his own TSP. In its order, the trial court considered the factors regarding the division of property as stated in Tennessee Code Annotated section 36-4-121(c) and found as follows:

**(1)** The duration of the marriage;

This is a long-term marriage. The duration of the marriage is twenty-two years. [Tenn. Code Ann. § 36-4-121(c)(1).]

**(2)** The age, physical and mental health, vocational skills, employability, earning capacity, estate, financial liabilities and financial needs of each of the parties;

---

[1] The retirement savings and investment plan for federal employees and members of the armed services.

[2] $195 / 263 = 0.74$. $0.74 / 2 = 0.37$.

Both parties have had physical and mental diagnoses, but both parties have great skill sets; they have had lengthy and successful military careers; Husband taught post-military and Exhibit 9 shows he has the capacity to obtain new vocational skills. Wife's separation from the military was involuntary, but she is continuing her education and has skill sets. [Tenn. Code Ann. § 36-4-121(c)(2).]

**(3)** The tangible or intangible contribution by one (1) party to the education, training or increased earning power of the other party;

Both parties have contributed to the success of each other's careers in the military. [Tenn. Code Ann. § 36-4-121(c)(3).]

**(4)** The relative ability of each party for future acquisitions of capital assets and income;

Both parties are young and have plans for their futures. They are equally capable of making future acquisitions of assets and income, despite their physical and mental diagnoses. [Tenn. Code Ann. § 36-4-121(c)(4).]

**(5)(A)** The contribution of each party to the acquisition, preservation, appreciation, depreciation or dissipation of the marital or separate property, including the contribution of a party to the marriage as homemaker, wage earner or parent, with the contribution of a party as homemaker or wage earner to be given the same weight if each party has fulfilled its role;

**(B)** For purposes of this subdivision (c)(5), dissipation of assets means wasteful expenditures which reduce the marital property available for equitable distributions and which are made for a purpose contrary to the marriage either before or after a complaint for divorce or legal separation has been filed.

Both contributed equally to the acquisition of assets in this marriage. No evidence was presented that either was wasteful. [Tenn. Code Ann. § 36-4-121(c)(5).]

**(6)** The value of the separate property of each party;

No evidence was presented of separate property that would impact an equitable distribution of marital assets. [Tenn. Code Ann. § 36-4-121(c)(6).]

**(7)** The estate of each party at the time of the marriage;

- 3 -

No evidence was presented of an estate brought into the marriage. [Tenn. Code Ann. § 36-4-121(c)(7).]

**(8)** The economic circumstances of each party at the time the division of property is to become effective;

The parties have been separated since May of 2019 and have made adjustments to their economic circumstances in the course of transitioning from a marital estate to single estates. Wife is continuing her education. However, she is not to the point of earning any income as of the time of trial. Both parties are capable of continuing to follow through with plans for adjusting financially to living as single persons. [Tenn. Code Ann. § 36-4-121(c)(8).]
. . .

**(11)** The amount of social security benefits available to each spouse;

The Court and the parties recognize that income from VA disability is not subject to equitable division. Neither party receives social security. [Tenn. Code Ann. § 36-4-121(c)(11).]

**(12)** Such other factors as are necessary to consider the equities between the parties.

None. [Tenn. Code Ann. § 36-4-121(c)(12).]

Husband moved to alter or amend the final order. The trial court denied Husband's motion by order entered June 11, 2020. Husband appealed.

## II.    ISSUES

Husband raises one issue on appeal: (1) Whether the trial court erred in granting Wife thirty-seven percent (37%) of Husband's military retirement.

## III.    STANDARD OF REVIEW

This action was tried by the court without a jury, so we review the trial court's

findings of fact de novo upon the record with a presumption of correctness unless the evidence preponderates otherwise. Tenn. R. App. P. 13(d); *Watson v. Watson*, 309 S.W.3d 483, 490 (Tenn. Ct. App. 2009). We review the trial court's conclusions of law de novo with no presumption of correctness. *Keyt v. Keyt*, 244 S.W.3d 321, 327 (Tenn. 2007).

The trial court has broad discretion in fashioning an equitable distribution of marital property, and an appellate court will defer to a trial court's distribution unless it is inconsistent with the statutory factors or is not supported by a preponderance of the evidence. *Baggett v. Baggett*, 422 S.W.3d 537, 543 (Tenn. Ct. App. 2013).

## IV.    DISCUSSION

### 1.

In all divorce cases, after classifying the parties' property, the trial court is directed to "equitably divide, distribute or assign the marital property between the parties without regard to marital fault in proportions as the court deems just." Tenn. Code Ann. § 36-4-121(a)(1); *Luplow v. Luplow*, 450 S.W.3d 105, 109 (Tenn. Ct. App. 2014); *Edmisten v. Edmisten*, No. M2001-00081-COA-R3-CV, 2003 WL 21077990, at *11 (Tenn. Ct. App. May 13, 2003).

> An equitable division of marital property does not require that the property be divided equally. [*Luplow*, 450 S.W.3d] at 109–10 (citing *Robertson v. Robertson*, 76 S.W.3d 337, 341 (Tenn. 2002)). Nor does it require that each party receive a share of every item classified as marital property. *Morton v. Morton*, 182 S.W.3d 821, 833–34 (Tenn. Ct. App. 2005) (quoting *King v. King*, 986 S.W.2d 216, 219 (Tenn. Ct. App. 1998)). In making its determination, the trial court must consider statutory factors in view of the evidence presented by the parties. Tenn. Code Ann. § 36-4-121(c); *Flannary v. Flannary*, 121 S.W.3d 647, 650 (Tenn. 2003).

*Cela v. Cela*, No. M2019-01861-COA-R3-CV, 2021 WL 3240238, at *9 (Tenn. Ct. App. July 30, 2021). In making an equitable division of marital property, the trial court is guided by the following relevant factors:

(1) The duration of the marriage;
(2) The age, physical and mental health, vocational skills, employability, earning capacity, estate, financial liabilities and financial needs of each of the parties;
(3) The tangible or intangible contribution by one (1) party to the education, training or increased earning power of the other party;
(4) The relative ability of each party for future acquisitions of capital assets

and income;

(5) The contribution of each party to the acquisition, preservation, appreciation, depreciation or dissipation of the marital or separate property, including the contribution of a party to the marriage as homemaker, wage earner or parent, with the contribution of a party as homemaker or wage earner to be given the same weight if each party has fulfilled its role;

(6) The value of the separate property of each party;

(7) The estate of each party at the time of the marriage;

(8) The economic circumstances of each party at the time the division of property is to become effective;

(9) The tax consequences to each party, costs associated with the reasonably foreseeable sale of the asset, and other reasonably foreseeable expenses associated with the asset;

(10) The amount of social security benefits available to each spouse; and

(11) Such other factors as are necessary to consider the equities between the parties.

Tenn. Code Ann. § 36-4-121(c). The factors are not listed in order of importance, and each is to be considered in relation to the specific facts of each case. *See Powell v. Powell*, 124 S.W.3d 100, 108 n.8 (Tenn. Ct. App. 2003).

Husband acknowledges that his military retirement benefit is marital property subject to equitable division. *See* Tenn. Code Ann. § 36-4-121(b)(1)(B)(ii) ("'Marital property" includes the value of vested and unvested pension benefits, vested and unvested stock option rights, retirement, and other fringe benefit rights accrued as a result of employment during the marriage[.]"); *Kendrick v. Kendrick*, 902 S.W.2d 918, 926 (Tenn. Ct. App. 1994). He also recognizes that the trial court calculated Wife's percentage of this asset by applying the most common method. *See Matthews v. Matthews*, No. M2009-00413-COA-R3-CV, 2010 WL 1712961, at *6 (Tenn. Ct. App. Apr. 28, 2010) ("In cases where the amount of the pension depends on years of service (such as in the military) and those years overlap the marriage, the ratio between the years of marriage during which the pension accrued and the total number of years of accrual gives us the most common formula for calculating what proportion of the pension should be considered as marital property.").

Husband argues that "[n]one of the typical equities are present in this case to justify a division of the military retirement." In his view, because Wife also enjoyed a career in the Army, there is "no sacrifice" on her part that justifies a division of his military retirement benefit earned during the marriage. Upon a careful study of the appellate record, we disagree. The parties lived together in five locations throughout their military careers. The hard work and sacrifices of each party, including individual overseas deployments, contributed to their mutual success and to the acquisition of assets during the marriage. Husband complains that "Wife has cited no evidence that she supported [his] career in any

way." However, on appeal, it is not Wife's burden to do so. We have determined that the evidence does not preponderate against the trial court's findings on the relevant statutory factors and that the award of thirty-seven percent of Husband's military retirement to Wife was equitable under the circumstances.

In addition, citing testimony that he suffers from post-traumatic stress disorder and memory issues, Husband contends that Wife has a much greater earning capacity than he does. We disagree. The evidence shows that Husband and Wife are both young and have the skills to earn a living despite their physical and mental diagnoses. Husband's neuropsychological evaluation consult report introduced at trial opines that "[t]here is absolutely no evidence that [Husband] would be unable to learn and go on to acquire a new skill or college degree," particularly "hands-on" skills which are his strength. The evaluator also advised Husband to make certain lifestyle changes to improve his processing speed and executive functioning. The trial court properly credited this evaluation in making its findings, and the evidence does not preponderate against the trial court's findings on the parties' vocational skills, employability, and earning capacities.

In sum, the final order sets forth the evidence relevant to the trial court's consideration of each applicable statutory factor. "All that Tenn. Code Ann. § 36-4-121 requires is essential fairness in light of the facts of the case." *Kendrick*, 902 S.W.2d at 929. The record before us confirms this essential fairness, keeping in mind that Husband was awarded half of Wife's TSP earned during her military service while retaining all of his own TSP. In light of the statutory factors, including the relatively modest financial circumstances of each party, the length of the marriage, and each party's employability and earning capacity, we cannot conclude that the evidence preponderates against the trial court's findings or that the trial court erred in its division of Husband's military retirement. Accordingly, we affirm.

2.

At the conclusion of her brief, Wife seeks to recover her attorney fees incurred on appeal. However, this request was not presented in the statement of issues or supported by argument in Wife's brief. A request for attorney fees is waived if not included in the statement of issues. *See Keeble v. Keeble*, No. E2019-01168-COA-R3-CV, 2020 WL 2897277, at *4 (Tenn. Ct. App. June 3, 2020) (citing *Killingsworth v. Ted Russell Ford, Inc.*, 205 S.W.3d 406, 410–11 (Tenn. 2006)). Accordingly, Wife's request for attorney fees on appeal is waived.

V.    CONCLUSION

We affirm the judgment of the trial court. The case is remanded for such further

proceedings as may be necessary and consistent with this opinion.  Costs of the appeal are taxed to the appellant, Roger Dale Grice.

 

_____

JOHN W. McCLARTY, JUDGE