# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### February 23, 2010 Session

## JESSE ARVIL CANTRELL v. PAMELA RENEE CANTRELL

**Appeal from the General Sessions Court for White County**
**No. CV-11364      Sam Benningfield, Judge**

---

**No. M2009-00106-COA-R3-CV - Filed April 23, 2010**

---

This appeal arises from a divorce action. After a trial, the court entered a divorce decree and divided the marital property. The trial court awarded the marital real property to Husband, and Wife, a pro se litigant, appeals the trial court's division of the marital property. We affirm in part, modify in part, and remand.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the General Sessions Court Affirmed in part; Modified in part; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which HERSCHEL P. FRANKS, P.J., and ANDY D. BENNETT, J., joined.

Pamela Cantrell, Sparta, Tennessee, pro se.

J. Hilton Conger, Smithville, Tennessee, for the appellee, Jesse Cantrell.

## MEMORANDUM OPINION[1]

## I. FACTUAL BACKGROUND

---

[1]This opinion is issued pursuant to Rule 10 of the Rules of the Court of Appeals of Tennessee, which provides the following:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse, or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Jesse Cantrell ("Husband") and Pamela Cantrell ("Wife") had an acrimonious divorce. The parties were married for approximately 21 years and have one child, of whom Husband has sole custody.

Due to a domestic situation in the home, both Husband and Wife were arrested in November 2006. Criminal charges were filed against Wife for domestic assault, domestic violence, and disorderly conduct. The Department of Children Services ("DCS") became involved with the family because of the criminal charges filed against Wife. The child was taken into DCS custody, and sole custody of the child was subsequently awarded to Husband.

The criminal charges against Wife were eventually dismissed. According to Wife, Husband continued to make complaints to DCS about her behavior.

In August 2007, Husband filed a petition for divorce along with a temporary restraining order. Because of the restraining order, Wife was unable to enter the marital home to regain any of her personal possessions.

A trial occurred on November 5, 2008. There was some delay in having the divorce petition heard because Wife was not represented by counsel. Throughout the divorce litigation, two attorneys withdrew from representing Wife. After hearing the evidence, the trial court entered a divorce decree and divided the marital property. The trial court awarded the marital real property located at 130 and 160 Luna Road, Sparta, White County, Tennessee to Husband. The real property consisted of the marital residence and Husband's transmission repair shop, both located on one parcel of land. The trial court found the value of the property to be $130,000 with an outstanding indebtedness totaling approximately $56,500.

Additionally, the trial court found that Wife withdrew $25,000 on the parties' home equity line of credit for her own use and benefit. In order to balance the equities between the parties, the trial court ordered Husband to pay an additional $20,500 to Wife contingent on Wife signing the parties' joint federal income tax returns for 2005, 2006, and 2007. If Wife failed to sign the tax returns within 45 days of the entry of the Final Decree, Husband's obligation to pay "shall be reduced to the sum of $10,500.00." The trial court also ordered Husband to pay the outstanding credit card debt of the parties. Thereafter, Wife filed this appeal challenging the trial court's distribution of the marital property.

## II. ISSUE PRESENTED

We restate the issue on appeal, as follows:

Whether the trial court erred in its division of the marital property.

## III. STANDARD OF REVIEW

On appeal, we review the decision of a trial court sitting without a jury de novo upon the record, accompanied by a presumption of correctness of the trial court's findings of fact, unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13(d); *Bogan v. Bogan*, 60 S.W.3d 721, 727 (Tenn. 2001). A trial court's conclusions of law are subject to a de novo review with no presumption of correctness. *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993). The classification of property as either marital or separate property is a question of fact for the trial court. *See Mitts v. Mitts*, 39 S.W.3d 142, 144-45 (Tenn. Ct. App. 2000). Therefore, the trial court's findings with respect to property classification are reviewed de novo with a presumption of correctness below. *Id.* at 144. A trial court is vested with broad discretion when exercising its duty to equitably divide marital assets in a divorce proceeding. *Flannery v. Flannery*, 121 S.W.3d 647, 650 (Tenn. 2003). Therefore, we will not disturb a trial court's division of the marital estate on appeal "unless the distribution lacks proper evidentiary support or results from an error of law or a misapplication of statutory requirements and procedures." *Thompson v. Thompson*, 797 S.W.2d 599, 604 (Tenn. Ct. App. 1990).

## IV. DISCUSSION

### A.

We will first address whether to dismiss this appeal because of Wife's failure to comply with the appropriate rules of the Tennessee Rules of Appellate Procedure. Husband urges this court to dismiss this appeal because Wife failed to comply with Rule 27 of the Tennessee Rules of Appellate Procedure and Rules 6 and 7 of the Rules of the Court of Appeals of Tennessee.

Rule 27 sets forth the requirements for the content and form of an appellant's brief. Pursuant to the Rule, an appellant's brief shall include a table of contents, table of authorities, statement of issues presented for review, a statement of the case, a statement of the facts, an argument, and a short conclusion. *See Bean v. Bean*, 40 S.W.3d 52, 53-54 (Tenn. 2000). Nonetheless, Rule 27(b) provides that if an appellee deems the statement of facts and statement of the case of the appellant's brief unsatisfactory, then it is permissible for the appellee to provide such sections in his brief, which in this case Husband did not.[2]

---

[2]Rule 27(b) states: Brief of the Appellee. The brief of appellee and all other parties shall conform to the foregoing requirements, except that items (3), (4), (5) and (6) of subdivision (a) of this rule need not be included except to the extent that the presentation by the appellant is deemed unsatisfactory. If appellee is also requesting relief from the judgment, the brief of the appellee shall contain the issues and arguments

(continued...)

Rule 6 of the Rules of the Court of Appeals provides that the argument for each issue shall contain citations to the record pointing to the alleged errors in the trial court. *See* Tenn. R. App. Ct. 6(b). Rule 7 requires in domestic relations cases that the appellant's brief contain a tabulation of all marital property with the value listed and a citation to the trial record. *See* Tenn. R. App. Ct. 7(a).

Husband contends that Wife's failure to comply with the requirements of Rule 27 and Rule 7 are sufficient grounds to dismiss the appeal. *See Lucas v. Lucas*, No. 03A01-9707-CV-00298, 1998 WL 136553, at *1 (Tenn. Ct. App. E.S., Mar. 27, 1998). Courts have routinely held that the failure to make appropriate references to the record and to cite relevant authorities in the argument section of the brief, as required by Rule 27(a)(7), "ordinarily constitutes a waiver of the issue." *See State v. Schaller*, 975 S.W.2d 313, 318 (Tenn. Crim. App. 1997). Husband points out that this court is "under no duty to verify unsupported allegations in a party's brief, or for that matter consider issues raised but not argued in the brief." *Duchow v. Whalen*, 872 S.W.2d 692, 693 (Tenn. Ct. App. 1993); *see also England v. Burns Stone Co., Inc.*, 874 S.W.2d 32, 35 (Tenn. Ct. App. 1993). In *Rogers v. Rogers*, No. E2005-02645-COA-R3-CV, 2007 WL 2668584, at *6 (Tenn. Ct. App. E.S., Sept. 12, 2007), this court held that a husband waived any argument concerning the distribution of marital property when he failed to explain the marital assets at issue and provide an orderly tabulation of the marital property before the court.

In urging this court to dismiss this appeal, Husband solely relies on cases involving persons represented by counsel. The instant case differs from the above cases because Wife is a pro se litigant. *See Paehler v. Union Planters Nat. Bank*, 971 S.W.3d 393, 396-97 (Tenn. Ct. App. 1997) (holding to entertain a pro se litigant's appeal even though her brief failed to comply with Tenn. R. App. P. 27).

A pro se litigant, who has decided to represent herself, is "entitled to fair and equal treatment by the courts." *Young v. Barrow*, 130 S.W.3d 59, 62 (Tenn. Ct. App. 2003) (citing *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000)). We measure the papers prepared by pro se litigants by less stringent standards than those applied to papers prepared by attorneys. *Id.* at 63 (internal citations omitted). Thus, courts "should give effect to the substance, rather than the form or terminology of a pro se litigant's papers." *Id.* (internal citations omitted). As we grant such consideration to a pro se litigant who is

---

[2](...continued)
involved in his request for relief as well as the answer to the brief of appellant. Tenn. R. App. P. 27(b).

untrained in the law, it is also important that we "be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary." *Id.*

Although Wife's brief fails to comply with Tenn. R. App. P. 27, we decline to dismiss this appeal. While pro se litigants are not excused from complying with applicable substantive and procedural laws, *Irvin v. City of Clarksville*, 767 S.W.2d 649, 652 (Tenn. Ct. App. 1988), the court does accord them certain latitude. The intent of the Tennessee Rules of Appellate Procedure is to allow cases to be resolved on their merits, Tenn. R. App. P. 1, *Johnson v. Hardin*, 926 S.W.2d 236, 238 (Tenn. 1996), and this court is given wide discretion to waive or suspend the rules in furtherance of that intent. Tenn. R. App. P. 2.

We will next address the merits of this appeal.

B.

Wife takes issues with the trial court's division of the marital property because of the award of the marital real property to Husband. A trial exhibit shows that the real property at issue was deeded solely in the Wife's name after her relative conveyed the property to her. Wife claims that she helped build the transmission business and that she worked in the business alongside Husband as a partner. She also paid the down payment for the marital home's mortgage. Wife asserts that she was entitled to more from the division of the marital property due to her contributions.

Husband counters that this court should defer to the trial court's division of marital property unless that division is "unsupported by the evidence or inconsistent with the statutory factors." *Brown v. Brown*, 913 S.W.2d 163, 168 (Tenn. Ct. App. 1994). Husband points out that "[t]rial courts have wide latitude in fashioning an equitable division of marital property." *Id.* He notes that an equitable division of marital property does not necessary mean equal. *See Robertson v. Robertson*, 76 S.W.3d 337, 341 (Tenn. 2002).

After reviewing the record, we do not find that the evidence preponderates against the trial court's division of the marital property. Tenn. Code Ann. § 36-4-121(c) (2005) requires a trial court to consider all relevant statutory factors "in making an equitable distribution of marital property."

In the case at bar, we find that the statutory factors of § 36-4-121 support the trial court's award of the marital real property to Husband. Although a relative originally conveyed the property to Wife, the trial court considered the following statutory factors: Husband maintains sole custody of the parties' minor child, *see* Tenn. Code Ann. § 36-4-121(d) (2005); Husband operates a business on the real property, causing detriment to the

-5-

business if the marital residence was sold, *see* Tenn. Code Ann. § 36-4-121(c)(2); and Husband assumes the role of sole provider for the minor child with the business as his sole source of income, *see* Tenn. Code Ann. § 36-4-121(c)(8).

However, we do find that Wife is entitled to the payment of $20,500, representing her interest in the marital property, without signing the tax returns. Wife significantly contributed to the marital residence by paying the down payment for the home's mortgage and providing the real property that was originally deeded to her. Due to her contribution to the acquisition of the marital real property, she is entitled to the lump sum of $20,500 without any contingencies. *See* Tenn. Code Ann. § 36-4-121(c)(5). Additionally, Wife should contact Husband's attorney to arrange the retrieval of her personal property that remains at the marital residence. With these changes, we modify the trial court's order concerning the division of marital property.

## V. CONCLUSION

We affirm the trial court's award of the marital real property to Husband. We modify the trial court's order and hold that Wife is entitled to the payment of $20,500 whether she signs the tax returns or not. The division of marital property shall be made without any contingencies. Costs of this appeal are assessed against both parties equally. The case is remanded, pursuant to applicable law, for enforcement of this court's Opinion and for collection of costs assessed below.

_____
JOHN W. McCLARTY, JUDGE