# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
September 21, 2011 Session

## ELAINE PIJAN v. BRETT W. PIJAN

**Appeal from the Chancery Court for Rutherford County**
**No. 090425DR     David M. Bragg, Judge**

**No. M2010-02559-COA-R3-CV - Filed January 13, 2012**

The trial court awarded the wife a divorce after a marriage of over 30 years and divided the marital property between the parties. The financial assets of the parties were divided more or less equally, but the marital residence, valued at $130,000, was awarded to the wife. To equalize the division of property, the trial court awarded the husband a $65,000 security interest in the residence. The court also ordered the wife to redeem the husband's security interest by amortizing it over a period of 30 years at an interest rate of 4% a year, which obligated her to pay the husband $310.32 monthly. The sixty-three year old husband argues on appeal that the property division was inequitable as to him because, in light of his age and life expectancy, the security interest in the home was an illusory award. We affirm the division of the property, but conclude that the method for payment of Husband's share is inequitable under the circumstances. Therefore, we modify the property division so as to award the marital home to the wife and husband in joint tenancy.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Affirmed in Part, Vacated in Part, and Modified**

PATRICIA J. COTTRELL, P.J., M.S., delivered the opinion of the Court, in which ANDY D. BENNETT and RICHARD H. DINKINS, JJ., joined.

Kerry Knox, Murfreesboro, Tennessee, for the appellant, Brett W. Pijan.

Jonathan L. Miley, Nashville, Tennessee, for the appellee, Elaine Pijan.

## OPINION

This is an appeal of some parts of the trial court's final order of divorce.

# I. BACKGROUND AND TRIAL COURT PROCEEDINGS

The facts regarding the parties and their marriage are set out in a Statement of the Evidence prepared and filed by the trial court. Brett W. Pijan ("Husband") and Ellen Pijan ("Wife") married on July 15, 1978. Both parties worked during their marriage, including jobs in the computer industry. Husband earned a degree in computer science, worked for Texas Instruments for over a decade, and also worked for Dell Computer. Wife worked as a receptionist at Texas Instruments for almost twenty years and had worked as a waitress until about 2003. No children were born of the marriage.

After several months of problems and court filings, Wife obtained an order of protection against Husband. On March 25, 2009, Wife filed a petition for divorce in the Chancery Court of Rutherford County alleging as grounds cruel and inhuman treatment and alleging that Husband had tried to kill her. The trial court subsequently consolidated the protective order with the divorce action.

Husband did not initially file a formal answer to the complaint, but on April 6, 2009 he filed a *pro se* account of his version of the history of the marriage. Husband subsequently hired an attorney, and on August 19, 2009, he filed an answer and counter-petition for divorce. He alleged that Wife was guilty of "such inappropriate marital conduct towards him as to render further cohabitation improper," and he asked the court to grant him the divorce, or in the alternative to grant the divorce to both parties on stipulated grounds pursuant to Tenn. Code Ann. § 36-4-129(b).

Both parties filed pre-trial statements pursuant to the Sixteenth Judicial District's Local Rule of Practice 12.02, setting out the issues to be tried, a list of expected witnesses, an inventory of the parties' marital and separate property with a proposed division of that property, and statements of income and expenses. Wife's statement recited that her monthly income was $1,646. Of that amount, $896 comes from social security and $750 from a stipend she receives for taking care of Michelle Pijan, Husband's mentally disabled younger sister. Husband's statement also recited that his monthly income was $1,646 per month, of which $1,283 comes from social security, and the remainder from his former employer and from part-time work. The Statement of the Evidence states:

> The parties testified about their property and the values of the property as outlined in each party's respective statement filed in accordance with . . . Rule 12.02.

> The parties stipulated that the debts would be divided in accordance with the proposal set forth in Ms. Pijan's 12.02 Statement.

The major financial assets of both parties were derived from their employment with Texas Instruments Corporation. These included Texas Instruments stock held in Husband's name, and valued by him at $84,075, and a 401(k) in the name of Wife valued by both parties at $78,555. The major asset of the parties was the marital home, which Husband valued at $141,000 and Wife valued at $136,000. There was no indebtedness on the home because Husband had paid off the mortgage in 2003 with money he inherited from his mother. Other listed assets included personal property, such as automobiles, furniture, computers and musical instruments.

## II. THE FINAL HEARING

The final divorce hearing was conducted on September 23, 2010. The Tenn. R. App. P. 24 Statement of the Evidence filed by the trial court states that the court heard the testimony of the parties and of the conservator for the property of Husband's sister, Michelle Pijan.

The parties testified that Michelle Pijan receives Social Security disability payments and resides in the marital home with Wife. The conservator of Michelle Pijan's property testified that Husband had been removed as his sister's co-conservator, that Wife serves as conservator of Michelle Pijan's person, that Michelle Pijan is very adjusted to her surroundings, that any change would cause her severe anxiety and discomfort, and that she is dependent on Wife for her daily needs.

The final decree of divorce was filed October 28, 2010. The court granted Wife the divorce on the ground of inappropriate marital conduct, as the parties had stipulated. The court also divided the parties' debts in accordance with the parties' stipulation. The court also divided the personal property in the marital estate. Husband was awarded the Texas Instruments stock that was titled in his name, and Wife was awarded the 401(k) titled in her name.

The trial court specifically identified items as Mr. Pijan's separate property and also made specific awards to each of the parties of various items of tangible personal property that were marital property.

The decree recited that the court heard testimony as to the value of the home and as to the condition of the property, including electrical problems, a back porch that had to be removed, carpeting that needed replacing, and a kitchen floor in need of repairs. Based on that testimony, the court set the value of the home at $130,000. The court acknowledged the difficulty of factoring Michelle Pijan's needs into the divorce decree, stating:

The Court recognizes that there is a third party living the home and receiving a benefit of residing there rent free. The Court is not aware of any statutory or case law that addresses this particular situation. The Court further recognizes both parties' interest and indicated desire to support the third party. The Court doesn't find persuasive Mrs. Pijan's argument that there should be an equitable division based upon, or taking into consideration, the third party's needs.

The court decided to award the marital home to Wife, recognizing that such an award "provides a reasonable benefit to the family and to the community." The court also awarded Husband a security interest in the home in the amount of $65,000, thereby equalizing the award in theory. The court observed that "it is reasonable for Mr. Pijan to have income based upon his security interest in the home." It accordingly ordered that a note and a deed of trust be prepared to provide for and secure that income. Under the terms of the instruments, Wife was to amortize and retire Husband's security interest over a period of thirty years by monthly payments that included interest at the rate of 4% per year on the unpaid balance. The resulting monthly obligation amounted to $310.32. This appeal followed.

### III. PROPERTY DIVISION IN DIVORCE CASES

Tennessee Code Annotated § 36–4–121(a)(1) authorizes the trial court in actions for divorce or for legal separation to equitably divide, distribute, or assign the marital property "without regard to marital fault in proportions as the court deems just." The court is directed to consider all the relevant factors in its distribution of marital property, including those listed in Tennessee Code Annotated § 36–4–121(c).[1]

---

[1]The factors set out in Tenn. Code Ann. § 36-4-121(c) for the courts to consider when dividing marital property are,
   (1) The duration of the marriage;
   (2) The age, physical and mental health, vocational skills, employability, earning capacity, estate, financial liabilities and financial needs of each of the parties;
   (3) The tangible or intangible contributions by one (1) party to the education, training or increased earning power of the other party;
   (4) The relative ability of each party for future acquisitions of capital assets and income;
   (5) The contribution of each party to the acquisition, preservation, appreciation or dissipation of the marital or separate property, including the contribution of a party to the marriage as homemaker, wage earner or parent, with the contribution of a party as homemaker or wage earner to be given the same weight if each party has fulfilled his or her role;
   (6) The value of the separate property of each party;
   (7) The estate of each party at the time of the marriage;
   (8) The economic circumstances of each party at the time the division of property is to become
(continued...)

-4-

An equitable, or fair, property division "is not achieved by a mechanical application of the statutory factors, but rather by considering and weighing the most relevant factors in light of the unique factors of the case." *Batson v. Batson*, 769 S.W.2d 849, 859 (Tenn. Ct. App. 1988). In dividing the marital property, "[t]he trial court is empowered to do what is reasonable under the circumstances and has broad discretion in the equitable division of the marital estate." *Keyt v. Keyt*, 244 S.W.3d 321, 328 (Tenn. 2007) (citing *Flannary v. Flannary*, 121 S.W.3d 647, 650 (Tenn. 2003)). *See, also, Jolly v. Jolly,* 130 S.W.3d 783, 786 (Tenn. 2004); *Smith v. Smith,* 984 S.W.2d 606, 609 (Tenn. Ct. App. 1997).

Our courts have stated many times that while Tenn. Code Ann. § 36-4-121(a)(1) requires an equitable division of marital property, that does not necessarily mean an equal division nor one that is mathematically precise. *Larsen-Ball v. Ball*, 301 S.W.3d 228, 231 (Tenn. 2010); *Bookout v. Bookout,* 954 S.W.2d 730, 732 (Tenn. Ct. App. 1997); *Kendrick v. Kendrick*, 902 S.W.2d 918, 929 (Tenn. Ct. App. 1994); *Batson v. Batson*, 769 S.W.2d at 859. Nor is a division necessarily inequitable because each party did not receive a share of every piece of marital property. *Manis v. Manis*, 49 S.W.3d 295, 306 (Tenn. Ct. App. 2001); *Kinard v. Kinard,* 986 S.W.2d 220, 230 (Tenn. Ct. App. 1998); *Brown v. Brown,* 913 S.W.2d 163, 168 (Tenn. Ct. App. 1994).

As a general matter, reviewing courts will evaluate the fairness of a property division by its final results. *Thompson v. Thompson,* 797 S.W.2d 599, 604 (Tenn. Ct. App. 1990). Further, "unless the court's decision is contrary to the preponderance of the evidence or is based on an error of law, we will not interfere with the decision on appeal." *Larsen-Ball v. Ball*, 301 S.W.3d at 234; *Sullivan v. Sullivan*, 107 S.W.3d 507, 512 (Tenn. Ct. App. 2002)(*citing Goodman v. Goodman*, 8 S.W.3d 289, 298 (Tenn. Ct. App. 1999)). Thus, appellate courts ordinarily defer to the trial court's decision unless it is inconsistent with the factors in Tenn. Code Ann. § 36–4–121(c) or is not supported by a preponderance of the evidence. *Jolly v. Jolly*, 130 S.W.3d at 785–86; *Kinard v. Kinard*, 986 S.W.2d at 231.

## IV. THE PROPERTY DIVISION

In light of the factors set out in Tenn. Code Ann. § 36-4-121(c), the facts in the present case support, as equitable, a division of the marital property that is more or less equal. Among the statutory factors supporting such a relatively equal division are: that the marriage was one

---

[1](...continued)
effective;
(9) The tax consequences to each party; and
(10) Such other factors as are necessary to consider the equities between the parties.

of long duration (32 years); that both parties worked during the marriage and both apparently contributed to the acquisition of the marital property; that both are in their sixties and are retired; and that there is nothing in the record to suggest that either of them is likely to earn substantial income or acquire substantial capital assets in the future. Further, both parties rely on social security for a significant proportion of their income, and their economic circumstances appear to be substantially equal.

Although the trial court did not explicitly state that it intended to equally divide the marital assets, the symmetry of its award suggests that such an intention played a part in its judgment. The parties were each awarded the financial assets that were in their own names, which were substantially equal in value. By awarding Husband a security interest in the marital home equal to half of its value, the court at least nominally divided that asset equally. But, Husband argues that the trial court's division was grossly unequal, and he attributes that inequality to two purported errors made by the trial court.

### A. Valuation of the Tangible Personal Property

The first error alleged by Husband was the trial court's failure to place a valuation on the items of tangible personal property that it divided between the parties. He notes that this court has said, "[a]fter a trial court has classified the parties' property as either marital or separate, it should place a reasonable value on each piece of property subject to division." *Owens v. Owens*, 241 S.W.3d 478, 486 (Tenn. Ct. App. 2007). In his appellate brief, Husband argues that this court cannot properly review the equity of the property division without knowing the value of each item of marital property.

As a practical matter, it is essential for a trial court that is dividing marital property to place values on the prime assets subject to division, such as the marital home, a functioning business, or major financial holdings. We do not believe, however, that it is always necessary or practical for the trial court to place a valuation on every single appliance, piece of furniture or musical instrument that the parties acquired during the course of their marriage. Of course, it helps us to compare the equities of the property division if the trial court can determine such values, or at least can determine a total value for all the items of tangible personal property awarded to each party. But the absence of such valuation does not necessarily require remand. *Davidson v. Davidson,* M2003-01839-COA-R3-CV, 2005 WL 2860270 (Tenn. Ct. App. Oct. 31, 2005) (no Tenn. R. App. P. 11 application filed).

While Husband complains about the trial court's failure to place a value on every specific item of tangible personal property, he cannot demonstrate any harm to him from this failure. The parties themselves placed their own estimates of value on personal property. The parties gave the exact same values to some of the items, while on other items there were

differences.

According to the Tenn. R. Ct. App. 7 table included in Husband's brief, the tangible personal property (i.e., excluding the marital home and the 401(k) and stock) in the marital estate was valued by the parties as follows: Husband valued such property awarded to Wife at $3100, and Wife valued the same property at $3600; as to the property awarded to Husband, Husband valued that property at $4600, while Wife valued it at $7130. Thus, according to Husband's own estimates, the property awarded to Wife was of lesser value than the tangible personal property awarded to him.

In any event, the total value of all the tangible personal property is a small fraction of the value of the retirement funds that each party received individually. Husband's attorney acknowledged at oral argument that there was not a huge difference between the parties over the value of the personal property. We are also aware that both parties would have to bear additional legal costs if we were to remand this case to the trial court for further valuation proceedings.

We find Husband's request that we remand the case for valuation of each piece of property in the marital estate without merit.

## B. The Security Interest on the Marital Home

The more substantive issue before us involves the trial court's treatment of the security interest in the marital home that it granted to Husband. Neither party disputes the trial court's finding that the home was worth $130,000, nor does Husband take issue with the equity of an award of $65,000, one half of the home's value, to him. We agree that the equal distribution of the equity in the house is equitable in this situation. It is the manner in which Husband is to receive his share that is the real issue.

Husband notes that at the time of divorce he was sixty-three years old and that, according to the mortality tables in the appendix to the Tennessee Code Annotated, his life expectancy was between twelve and fifteen years. Husband concludes that it is highly unlikely that the thirty-year repayment schedule ordered by the trial court will ever allow him to fully realize the value of his security interest. He predicts instead that the court's order will eventually lead to problems for the probate estates of both parties. He further argues that the court's order has the effect of allowing Wife to live in a six room house for a relatively small outlay of cash – about $310 per month plus the cost of annual property taxes and homeowner's insurance. Conversely, Husband will receive only about $310 each month for his housing needs, a woefully inadequate amount to cover those needs.

We understand that in dividing the marital property, the trial court was seeking a solution that would cause the least disruption to the lives of the parties, including the arrangements for Husband's sister. The court itself correctly stated, however, that its role was not to protect the interests of third parties, but rather to divide the marital property equitably. However, we must conclude that the solution the trial court reached was not equitable.

The trial court's order shows that it recognized that a more or less equal division of marital property is the most equitable in this case, and, specifically, that an equal division of the equity in the marital home was equitable. We agree. Accordingly, we vacate that portion of the trial court's final judgment dealing with the marital home. Instead, we award the marital home to both parties equally as joint tenants. We also give Wife exclusive possession of the marital home for the next twelve months following the filing of this opinion so that the parties can have sufficient time to determine the ultimate disposition of the house by mutual agreement, on condition that Wife continue to pay Husband $310.32 per month during that period.

We note that there are many possible routes for the parties to follow that would be consistent with the joint tenancy we have ordered. For example, they may choose to sell the property and to divide the proceeds equally. Or Husband may instead sell his share to Wife and quitclaim his interest for a mutually agreed upon amount to be paid as the parties agree. Or Wife may sell her share to Husband under similar terms. Hopefully, the parties can reach a solution that will preserve the individual assets that they will both need during their retirement.

We affirm the trial court's division of the parties' financial assets and of their tangible personal property. We vacate the award of the marital home to Wife with Husband retaining a security interest. Instead, we award the home to both parties jointly. We remand this case to the Chancery Court of Rutherford County for any further proceedings necessary. Tax half the costs on appeal to Wife and half to Husband.

_____
PATRICIA J. COTTRELL, JUDGE