IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
October 30, 2014 Session

## TERRI DUNN v. WILLIAM M. DUNN, JR.

**Appeal from the Circuit Court for Hamilton County**
**No. 11D1758      L. Marie Williams, Judge**

_____

**No. E2014-00706-COA-R3-CV-FILED-DECEMBER 22, 2014**

_____

This is a divorce action involving issues of marital property valuation and distribution. The parties were married in 1975. The wife, Terri Dunn ("Wife"), filed for divorce from the husband, William M. Dunn, Jr. ("Husband"), on September 12, 2011. Following a somewhat protracted pre-trial history, the trial was conducted over four non-consecutive days in June and July 2013. Thereafter, the trial court issued a memorandum opinion valuing the assets in the marital estate and awarding Wife approximately 60% and Husband approximately 40% of the estate. The trial court also charged against Husband's share of the marital estate $200,000.00 in dissipated assets. Wife has appealed. Discerning no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court
Affirmed; Case Remanded**

THOMAS R. FRIERSON, II, J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., C.J., and D. MICHAEL SWINEY, J., joined.

John P. Konvalinka and Jillyn M. O'Shaughnessy, Chattanooga, Tennessee, for the appellant, Terri Dunn.

Glenna M. Ramer, Chattanooga, Tennessee, for the appellee, William M. Dunn, Jr.

**OPINION**

I. Factual and Procedural Background

These parties were married for thirty-eight years. At the time of trial, Wife was fifty-seven and Husband was sixty years old. During their lengthy marriage, both parties were employed and contributed earnings. Husband is a college graduate with a varied work

history. He worked as a sales manager for Johnson & Johnson at the time of the parties' marriage, and Wife was employed as a nursing assistant while attending college. Wife completed two college degrees during the marriage. According to Wife, her family gave the parties $5,000.00 "seed" money to purchase their first home and helped the parties renovate that residence. While the home was being renovated and also during later periods, the parties lived with Wife's family rent-free. In the late 1980s, the parties built a home on Woodhill Drive ("Woodhill Home"), which is located on Lookout Mountain. The parties resided in the Woodhill Home throughout the remainder of the marriage. Wife asserts that other than landscaping and the roof, Husband made no contributions to the Woodhill Home after 1987.

One child, Alex, was born of the marriage in June 1994. He had attained the age of majority by the time of trial. The parties stipulated that Husband was the legal but not biological father of Alex. Following his departure from Johnson & Johnson, Husband began and worked in various businesses. At some point in the early 1990s, Husband started conducting export businesses outside the United States. By Wife's testimony, Husband was gone for long periods of time, returning home infrequently. Husband reported that he would remain in the United States for periods of two months followed by his travel to Europe for one month during those years. Wife claimed at trial that she alone maintained the marital residence, paying all the bills with little or no financial help from Husband. Husband, by contrast, testified that he contributed money to the household and to the family during those years. In 2009, Husband sold a business, Core Roofing. He has not worked since that time. According to Husband, the business sale proceeds were used to pay living expenses.

Following the trial, a memorandum opinion was entered on November 4, 2013, wherein the trial court valued the parties' assets and awarded to Husband approximately 40% and Wife approximately 60% of the net marital estate. Both parties filed motions seeking to alter or amend the court's judgment. The court entered an order on March 27, 2014, granting the motions regarding certain minor adjustments; however, no modification was made to the overall percentage distribution. Wife timely appealed.

II. Issues Presented

Wife presents the following issues for our review, which we have restated slightly:

1. Whether the trial court erred in the overall division of assets and liabilities, considering the relative contribution of each party to the acquisition, preservation, appreciation, depreciation, or dissipation of the marital property.

2. Whether the trial court erred in the valuation date of certain marital

-2-

assets.

3.      Whether the trial court erred in the valuation of certain marital assets.

4.      Whether the trial court erred in the inclusion of certain debts claimed by Husband in the marital distribution.

5.      Whether the trial court erred in the manner by which it distributed certain assets.

Husband raises the following additional issue:

6.      Whether Husband is entitled to an award of attorney's fees on appeal.

III.  Standard of Review

In a case involving the proper classification and distribution of assets incident to a divorce, our Supreme Court has elucidated the applicable standard of review as follows:

This Court gives great weight to the decisions of the trial court in dividing marital assets and "we are disinclined to disturb the trial court's decision unless the distribution lacks proper evidentiary support or results in some error of law or misapplication of statutory requirements and procedures." *Herrera v. Herrera*, 944 S.W.2d 379, 389 (Tenn. Ct. App. 1996).  As such, when dealing with the trial court's findings of fact, we review the record de novo with a presumption of correctness, and we must honor those findings unless there is evidence which preponderates to the contrary.  Tenn R. App. P. 13(d); *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993).  Because trial courts are in a far better position than this Court to observe the demeanor of the witnesses, the weight, faith, and credit to be given witnesses' testimony lies in the first instance with the trial court.  *Roberts v. Roberts*, 827 S.W.2d 788, 795 (Tenn. Ct. App. 1991).  Consequently, where issues of credibility and weight of testimony are involved, this Court will accord considerable deference to the trial court's factual findings.  *In re M.L.P.*, 228 S.W.3d 139, 143 (Tenn. Ct. App. 2007) (citing *Seals v. England/Corsair Upholstery Mfg. Co.*, 984 S.W.2d 912, 915 (Tenn. 1999)).  The trial court's conclusions of law, however, are accorded no presumption of correctness. *Langschmidt v. Langschmidt*, 81 S.W.3d 741, 744-45 (Tenn. 2002).

*Keyt v. Keyt*, 244 S.W.3d 321, 327 (Tenn. 2007).

Further, as this Court has previously held:

Because Tennessee is a "dual property" state, a trial court must identify all of the assets possessed by the divorcing parties as either separate property or marital property before equitably dividing the marital estate. Separate property is not subject to division. In contrast, Tenn. Code Ann. §36-4-121(c) outlines the relevant factors that a court must consider when equitably dividing the marital property without regard to fault on the part of either party. An equitable division of marital property is not necessarily an equal division, and §36-4-121(a)(1) only requires an equitable division.

*McHugh v. McHugh*, No. E2009-01391-COA-R3-CV, 2010 WL 1526140 at *3-4 (Tenn. Ct. App. Apr. 16, 2010) (internal citations omitted). *See also Manis v. Manis*, 49 S.W.3d 295, 306 (Tenn. Ct. App. 2001) (holding that appellate courts reviewing a distribution of marital property "ordinarily defer to the trial judge's decision unless it is inconsistent with the factors in Tenn. Code Ann. § 36-4-121(c) or is not supported by a preponderance of the evidence.").

IV. Overall Division of Marital Estate

Wife asserts that she should have been granted a greater share of the net marital estate, based upon a proper consideration of the statutory factors. Wife posits that, in this case, the two most important factors to be considered are (1) each party's contributions to the estate and (2) Husband's dissipation of marital assets. Husband contends that the trial court's distribution is fair and equitable, considering the statutory factors. We agree with Husband.

Tennessee Code Annotated § 36-4-121 (2014) provides in pertinent part:

(a)(1) In all actions for divorce or legal separation, the court having jurisdiction thereof may, upon request of either party, and prior to any determination as to whether it is appropriate to order the support and maintenance of one (1) party by the other, equitably divide, distribute or assign the marital property between the parties without regard to marital fault in proportions as the court deems just.

* * *

(c) In making equitable division of marital property, the court shall consider all relevant factors including:

(1) The duration of the marriage;

(2) The age, physical and mental health, vocational skills, employability, earning capacity, estate, financial liabilities and financial needs of each of the parties;

(3) The tangible or intangible contribution by one (1) party to the education, training or increased earning power of the other party;

(4) The relative ability of each party for future acquisitions of capital assets and income;

(5)(A) The contribution of each party to the acquisition, preservation, appreciation, depreciation or dissipation of the marital or separate property, including the contribution of a party to the marriage as homemaker, wage earner or parent, with the contribution of a party as homemaker or wage earner to be given the same weight if each party has fulfilled its role;

(B) For purposes of this subdivision (c)(5), dissipation of assets means wasteful expenditures which reduce the marital property available for equitable distributions and which are made for a purpose contrary to the marriage either before or after a complaint for divorce or legal separation has been filed.

(6) The value of the separate property of each party;

(7) The estate of each party at the time of the marriage;

(8) The economic circumstances of each party at the time the division of property is to become effective;

(9) The tax consequences to each party, costs associated with the reasonably foreseeable sale of the asset, and other reasonably foreseeable expenses associated with the asset;

(10) The amount of social security benefits available to each spouse; and

(11) Such other factors as are necessary to consider the equities between the parties.

In this action, the trial court's order contains extensive factual findings, including the following specific findings related to the statutory factors:

As noted previously, the parties have been married for 38 years and there is one child who was born during the marriage. The parties are of similar age and while Mr. Dunn has been diagnosed with prostate cancer, that cancer is well managed and both parties are in good physical and mental health. Although Mrs. Dunn obtained additional degrees during the marriage, the financial ability to do so resulted from the efforts of both parties. Both parties have the ability to earn future income and to accumulate assets. Both parties have contributed to the acquisition, preservation, and appreciation of the marital property. The Atlanta property has not prospered but this is for reasons outside of the control of Mr. Dunn and is a result of the general economic downturn. The Court does not find there has been dissipation of assets within the meaning of the statute other than a portion of the proceeds of the sale of Core Roofing. Neither party has significant separate property and neither had an estate at the time of the marriage. All property the Court is asked to divide is marital. Since 2009, Mrs. Dunn has reported approximately $150,000.00 a year in earned income while Mr. Dunn has reported none. This is not because of any inability to earn on his part. Mrs. Dunn has had the benefit of retirement plans through her work and the parties have discussed various investments and the IRA pension and retirement plan of Mrs. Dunn which were accumulated during the marriage.

* * *

The Court finds that while both parties contributed monetarily to the marriage and to the day-to-day activities of the family, the Court finds Mrs. Dunn did so to a substantially greater extent than did Mr. Dunn. Her contributions have substantially increased the marital estate. Mr. Dunn's have not. She has been primarily responsible for the raising of the child. The Court also finds it advisable for Mrs. Dunn to remain in the marital residence for the benefit of Alex as well as because of Mr. Dunn's less settled lifestyle. Mrs. Dunn's Social Security benefits are greater than those of Mr. Dunn as are her retirement accounts.

The Court finds the Core Roofing sale has been consummated and the monies were utilized for family purposes but Mr. Dunn is living off of some of those proceeds and has dissipated a portion of those funds.

-6-

The trial court proceeded to distribute the net marital estate at approximately 60 percent to Wife and 40 percent to Husband. As part of its distribution, the court found that Husband had dissipated assets in the amount of $200,000.00 and included this amount within Husband's equitable share of the marital estate.

As this Court has explained:

> The approach to dividing a marital estate should not be mechanical, but rather should entail carefully weighing the relevant factors in Tenn. Code Ann. § 36-4-121(c) in light of the evidence that the parties have presented. *Flannary v. Flannary*, 121 S.W.3d at 650-51; *Tate v. Tate*, 138 S.W.3d 872, 875 (Tenn. Ct. App. 2003); *Kinard v. Kinard*, 986 S.W.2d at 230. Trial courts have broad discretion in fashioning an equitable division of marital property, *Jolly v. Jolly*, 130 S.W.3d 783, 785 (Tenn. 2004); *Fisher v. Fisher*, 648 S.W.2d 244, 246 (Tenn. 1983), and appellate courts must accord great weight to a trial court's division of marital property. *Wilson v. Moore*, 929 S.W.2d 367, 372 (Tenn. Ct. App. 1996); *Batson v. Batson*, 769 S.W.2d 849, 859. Accordingly, it is not our role to tweak the manner in which a trial court has divided the marital property. *Morton v. Morton*, 182 S.W.3d at 834. Rather, our role is to determine whether the trial court applied the correct legal standards, whether the manner in which the trial court weighed the factors in Tenn. Code Ann. § 36-4-121(c) is consistent with logic and reason, and whether the trial court's division of the marital property is equitable. *Jolly v. Jolly*, 130 S.W.3d at 785-86; *Gratton v. Gratton*, No. M2004-01964-COA-R3-CV, 2006 WL 794883, at *7 (Tenn. Ct. App. Mar. 28, 2006) (No Tenn. R. App. P. 11 application filed); *Kinard v. Kinard*, 986 S.W.2d at 231.

*Owens v. Owens*, 241 S.W.3d 478, 490 (Tenn. Ct. App. 2007).

Following a thorough review of the record, we determine that the trial court's overall property distribution is equitable and follows a proper consideration of the statutory factors. Further, the evidence preponderates in favor of the trial court's factual findings regarding those factors. Despite Wife's characterization that the parties were financially and physically separated after 1991, the evidence at trial was to the contrary. Husband continued to frequent the Woodhill Home; the parties maintained joint assets and continued to incur joint liabilities; they took trips together as a family, and they contributed to one another's lives financially. We note that "where issues of credibility and weight of testimony are involved, this Court will accord considerable deference to the trial court's factual findings." *Keyt*, 244 S.W.3d

at 327.[1]  The record establishes that the trial court's factual findings in this case were well supported by the evidence presented.

Wife asserts that the trial court should have given greater consideration to her substantial contributions to the marital estate and Husband's dissipation of assets.[2]  As previously stated, the trial court determined that Wife's contributions had "substantially increased the marital estate" and that Husband's had not.  Further, the court charged Husband with $200,000.00 in monies that he dissipated from the marital estate.  We determine that the trial court gave appropriate weight and credence to the statutory factors listed in Tennessee Code Annotated § 36-4-121(c).  *See Powell v. Powell*, 124 S.W.3d 100, 108 n.8 (Tenn. Ct. App. 2003) ("The factors are not listed in order of importance, and each is to be considered in relation to the specific facts of each case.").  As such, we affirm the trial court's overall distribution of the parties' marital estate.

Wife also posits that the trial court erred in awarding her only 50% of her Johnson & Johnson pension.  We note that the trial court's decision regarding proper division of marital property "is not rendered inequitable because it is not precisely equal or because both parties did not receive a share of each piece of property."  *See Brown v. Brown*, 913 S.W.2d 163, 168 (Tenn. Ct. App. 1994) (internal citations omitted).  Having determined that the trial court properly considered all evidence in light of the statutory factors in its distribution of marital property, we further determine that this distribution was not rendered inequitable by the division of Wife's Johnson & Johnson pension.

## V.  Valuation of Marital Assets

### A.  Date of Valuation of Accounts

Wife asserts that the trial court erred in its date of valuation of certain accounts.

---

[1]Regarding another issue involving credibility, Wife asserts that the trial court erred in accepting the testimony and exhibits of M.M., Husband's paramour, regarding his payment of property taxes on the Woodhill Home and school tuition for the parties' child.  The trial court made no finding that this evidence was credible, and our thorough review of the record demonstrates that this evidence did not factor into the trial court's division of marital property.

[2]"Dissipation of marital property occurs when one spouse wastes marital property and thereby reduces the marital property available for equitable distribution."  *Larsen-Ball v. Ball*, 301 S.W.3d 228, 235 (Tenn. 2010) (quoting *Altman v. Altman*, 181 S.W.3d 676, 681–82 (Tenn. Ct. App. 2005)).

According to Wife, the trial court accepted the value of Husband's retirement accounts from a statement issued in May 2013. Wife's 401(k) and pension, by contrast, were valued as of November 2013. Wife thus contends that any appreciation in Husband's accounts from May to November 2013 was not included in the marital estate. According to Wife, the award to Husband of these accounts in the overall distribution resulted in an unjust windfall to Husband of any such appreciation in value.

As this Court has previously explained:

The value of marital property is a fact question. Thus, a trial court's decision with regard to the value of a marital asset will be given great weight on appeal. In accordance with Tenn. R. App. P. 13(d), the trial court's decisions with regard to the valuation and distribution of marital property will be presumed to be correct unless the evidence preponderates otherwise.

The value of a marital asset is determined by considering all relevant evidence regarding value. The burden is on the parties to produce competent evidence of value, and the parties are bound by the evidence they present. Thus the trial court, in its discretion, is free to place a value on a marital asset that is within the range of the evidence submitted.

*Wallace v. Wallace*, 733 S.W.2d 102, 107 (Tenn. Ct. App. 1987) (internal citations omitted).

In the instant action, the parties presented detailed asset and liability statements demonstrating the values of their respective accounts. When questioned regarding the value of his NPC accounts as shown on his asset and liability statement, Husband testified that he had obtained the most recent balances. Wife presented no contradictory information regarding the balances on Husband's NPC accounts until after the trial in her motion to alter or amend the judgment. In ruling on this motion, the trial court declined to adjust the balances of Husband's NPC accounts, finding that the statements attached to the motion were "documents not admitted into evidence." As such, the trial court properly assigned a value to these accounts based upon the evidence submitted at trial. Wife's 401(k) and pension were divided equally between the parties according to their values as of November 4, 2013, the date of the trial court's memorandum opinion. We discern no error in the trial court's valuation of these assets.

Wife also argues that the trial court erred by setting the value of her Suntrust account by selecting a certain date when there was a substantial sum of money in the account being "held" to pay bills, rather than considering the historical balance of the account. However, pursuant to Wife's motion to alter or amend, the trial court adjusted the value assigned to this

account, finding that it should be reduced from the highest balance shown ($27,001.00) to the median balance ($13,500.50). Wife's testimony at trial established that the balance of this account fluctuated from zero to $27,001.00. Therefore, the trial court properly assigned a value that was within the range of evidence submitted. *See Wallace*, 733 S.W.2d at 107. This issue is without merit.

## B. Value Assigned to Personalty

Wife contends that the trial court erroneously accepted Husband's expert's valuation of the personal property located in the marital residence at $142,215.00, which was awarded to her in the overall distribution. Wife asserts that this property is old, worn, in disrepair, and only worth $20,000.00. Wife states that if the trial court's value is accepted, she would like for this personalty to be awarded to Husband at that value. Husband contends that the expert adopted a correct valuation, finding that the oriental rugs alone were worth $35,640.00. In support, Husband asserts that photographs in the record substantiate the value of the "exquisite" furnishings in the marital residence.

The trial court accepted the value of this personalty as established by Jerry Clements, an antiques dealer and appraiser of personal property with forty years' experience. Mr. Clements testified that many valuable rugs in the home were in excellent condition. He further explained that the furniture in the home appeared clean and nice, despite showing some wear and tear. Mr. Clements opined that the value of the personalty in the Woodhill Home was $142,215.00, based on his itemized appraisal. According to Mr. Clements, the items could be sold for the prices listed in his report. The trial court credited Mr. Clements's expert testimony on this matter, and we find no error in that determination. *See Wallace*, 733 S.W.2d at 107. Based upon our review, we conclude that the trial court properly assigned a value within the range of evidence submitted.

## VI. Marital Debt

Wife posits that the trial court erred in including certain liabilities that were claimed by Husband without the supporting proof of those liabilities. Wife specifically complains regarding medical bills, which she claims should not exist because she paid for Husband's health insurance. Wife also questions Husband's alleged tax liability. Wife further asserts that the trial court erroneously listed two Discover credit card accounts when only one existed.

Husband contends that the trial court properly listed all of the parties' liabilities. According to Husband, Wife also did not provide supporting documentation for her claimed liabilities. We agree. It is well settled that the trial court was free to establish the dollar

amount of the parties' debts based on the evidence submitted. *See Eganey v. Eganey*, No. M2005-01755-COA-R3-CV, 2006 WL 3740792 at *4 (Tenn. Ct. App. Dec. 19, 2006). In the instant cause, the trial court properly made such a determination based upon the parties' statements detailing their liabilities. Similar arguments were raised by Wife in her motion to alter or amend, and the court considered and rejected Wife's contentions. We determine no error in the trial court's valuation of the parties' marital debt.

## VII. Division of Specific Assets

Finally, Wife asserts that the trial court erred in its method of dividing certain assets. Wife posits that the trial court should have simply allowed accounts that were solely in Husband's name to remain his assets and offset other accounts that were solely in Wife's name, rather than dividing these accounts between the parties. Wife contends that the parties will incur greater costs in the division of these accounts.

We note, once again, that "it is not our role to tweak the manner in which a trial court has divided the marital property." *Owens*, 241 S.W.3d at 490.[3] Instead, "our role is to determine whether the trial court applied the correct legal standards, whether the manner in which the trial court weighed the factors in Tenn. Code Ann. § 36-4-121(c) is consistent with logic and reason, and whether the trial court's division of the marital property is equitable." *Id.* The trial court's overall division in this matter is equitable and follows a proper consideration of the statutory factors. We decline to "tweak" the trial court's method employed in its equitable division of marital assets.

## VIII. Attorney's Fees on Appeal

Husband contends that he should receive an award of fees incurred in defending this appeal. Husband asserts that Wife was successful in obtaining a greater share of the marital estate at trial and that there is no basis for her appeal of that award. As this Court has stated:

> [I]t is in the sole discretion of this court whether to award attorney's fees on appeal. As such, when this Court considers whether to award attorney's fees on appeal, we must be mindful of "the ability of the requesting party to pay the accrued fees, the requesting party's success in the appeal, whether the requesting party sought the appeal in good faith, and any other equitable factor that need be considered."

---

[3] We also note that the trial court's decision regarding proper division of marital property "is not rendered inequitable . . . because both parties did not receive a share of each piece of property." *See Brown*, 913 S.W.2d at 168.

*Parris v. Parris*, No. M2006-02068-COA-R3-CV, 2007 WL 2713723 at *13 (Tenn. Ct. App. Sept. 18, 2007) (quoting *Dulin v. Dulin*, No. W2001-02969-COA-R3-CV, 2003 WL 22071454 (Tenn. Ct. App. Sept. 3, 2003)) (other internal citations omitted). We determine that both parties in this matter were awarded sufficient assets with which to pay their fees, and the appeal does not appear to have been sought in bad faith. Therefore, we decline to award attorney's fees to Husband.

IX. Conclusion

For the reasons stated above, we affirm the judgment of the trial court. This case is remanded to the trial court for enforcement of the judgment and collection of costs below. Costs on appeal are taxed to the appellant, Terri Dunn.

_____
THOMAS R. FRIERSON, II, JUDGE