FILED
11/02/2020
Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 1, 2020

## LESLIE BURNETT MONTGOMERY v. GARY ALAN MONTGOMERY

**Appeal from the Circuit Court for Davidson County**
**No. 16D-1356        Philip E. Smith, Judge**
_____

**No. M2020-00314-COA-R3-CV**
_____

This divorce action concerns the trial court's classification and division of the marital estate, among other issues concerning the trial. We affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S. and W. NEAL MCBRAYER, J., joined.

Gary Alan Montgomery, Nashville, Tennessee, Pro Se.

William H. Stover, Nashville, Tennessee, for the appellee, Lesley Burnett Montgomery.

### OPINION

### I.        BACKGROUND

Lesley Burnett Montgomery ("Wife") and Gary Alan Montgomery ("Husband") married in May 2002. This was the first marriage for Wife, the second for Husband. No children were born of the marriage. The parties separated in May 2016, and Wife filed a complaint for divorce on July 12, 2016, alleging irreconcilable differences, attempt on life of spouse, adultery, and forced withdrawal from the marriage.

Husband, who was incarcerated based upon a charge of soliciting the first degree murder of Wife, requested a stay of the proceedings pending the resolution of his criminal charges. Husband alleged that any response to Wife's allegations would compel

him to choose between his constitutional right to confront his accuser and his constitutional right against self-incrimination and that such a proceeding would further violate his right to due process of law. He further sought to dismiss the count of adultery, questioning the sufficiency of the allegations.

The court denied the motion for a stay of the proceedings and directed Husband to file an answer to the complaint for divorce. Husband then filed an answer in which he did not respond to the allegations, citing his right against self-incrimination.

During the pendency of this divorce action, Husband was charged and later indicted with two additional counts of solicitation of murder, a Class B felony. Husband claimed that he had been charged with soliciting the murder of his criminal court judge and of Wife, for a second time. Citing his new charges, Husband again sought a stay of the proceedings. He further requested recusal of the Honorable Philip E. Smith, who he claimed could not remain impartial when he was accused of soliciting the murder of Judge Smith's judicial colleague.

The trial court denied Husband's motion for recusal, holding that Husband failed to set forth any facts sufficient to necessitate recusal but that he instead provided broad conclusory statements and speculative statements unsupported by any evidence. Further, the trial court noted that Husband had not been charged with soliciting the murder of a criminal court judge as alleged but that he had instead been charged with soliciting the murder of the man he asked to murder Wife the first time in May 2016. The court noted that Husband advised the informant that he would personally "take care" of the criminal court judge, who he claimed was "railroading him" and "denying his bond." The court continued,

> The Court finds, subjectively, that it has no independent knowledge of the parties or the issues attendant to their divorce other than what it has learned during the course of the litigation. Additionally, the Court holds no bias or prejudice against either party and finds that it is able to preside impartially over the proceedings.

The matter finally proceeded to a hearing and was heard over the course of three days in March, June, and October 2019. No transcript or statement of the evidence is available for this court's review. Following the hearing, the trial court granted Wife a divorce on the ground of inappropriate marital conduct. The court then classified and divided the marital property and denied Wife's request for alimony and attorney's fees. This timely pro se appeal followed.

## II.    ISSUES

As a threshold matter, Wife requests dismissal of the appeal. She claims that the pro se brief filed by Husband is woefully deficient and violative of the Tennessee Rules of Appellate Procedure. She requests waiver of the issues presented as a result of the state of the brief. We agree that there are a multitude of problems with the brief and that Husband failed to comply with the minimum requirements. However, we will briefly address his arguments in the event of further appellate review. We consolidate and restate the plethora of issues raised on appeal into the following categories:

(A)     Whether the trial court erred in denying Husband's motion to lift the temporary mutual injunctions during the pendency of the divorce proceeding.

(B)     Whether the trial court erred in denying Husband's motion for a stay of the proceedings pending the resolution of his criminal charges.

(C)     Whether the trial court erred in denying the motion to recuse.

(D)     Whether the trial court erred in its classification and division of the marital estate.

## III.    STANDARD OF REVIEW

This case was tried by the court without a jury. The review of the trial court's findings of fact is de novo with a presumption of correctness unless the evidence preponderates otherwise. Tenn. R. App. P. 13(d); *Armbrister v. Armbrister*, 414 S.W.3d 685, 692 (Tenn. 2013). Our review of a trial court's conclusions of law is de novo upon the record with no presumption of correctness. *Tyron v. Saturn Corp.*, 254 S.W.3d 321, 327 (Tenn. 2008).

## IV.    ANALYSIS

### A.

Husband first takes issue with the trial court's denial of his motion to lift the temporary mutual injunctions during the pendency of the divorce proceeding. He claims that his ability to offer a defense to the divorce proceeding or to even provide this court with a transcript was hampered by his lack of funds as a result of the injunction. Tennessee Code Annotated section 36-4-106(d)(1) provides as follows:

(d) Upon the filing of a petition for divorce or legal separation, and upon personal service of the complaint and summons on the respondent or upon waiver and acceptance of service by the respondent, the following temporary injunctions shall be in effect against both parties until the final decree of divorce or order of legal separation is entered, the petition is dismissed, the parties reach agreement, or until the court modifies or dissolves the injunction, written notice of which shall be served with the complaint:

(1)(A) An injunction restraining and enjoining both parties from transferring, assigning, borrowing against, concealing or in any way dissipating or disposing, without the consent of the other party or an order of the court, of any marital property. Nothing herein is intended to preclude either of the parties from seeking broader injunctive relief from the court.

(B) Expenditures from current income to maintain the marital standard of living and the usual and ordinary costs of operating a business are not restricted by this injunction. Each party shall maintain records of all expenditures, copies of which shall be available to the other party upon request.

Before the trial court, Husband sought to lift the injunction to utilize his share of the marital equity in order to secure his $200,000 bond and to access what he claimed was his separate property to facilitate a residence for his conditional release pending trial on his criminal charges. Wife objected, and the trial court denied Husband's motion.

In his motion, Husband did not advise the trial court that he needed access to funds to secure legal representation in the divorce action. The record reflects that counsel withdrew as a result of the deterioration of the attorney-client relationship, not due to a lack of funds. A party may not offer a new issue for the first time on appeal. *See Lane v. Becker*, 334 S.W.3d 756, 764 (Tenn. Ct. App. 2010) (citing *Campbell Cnty. Bd. of Educ. v. Brownlee-Kesterson, Inc.*, 677 S.W.2d 457, 466-67 (Tenn. Ct. App. 1984)). "The jurisprudential restriction against permitting parties to raise issues on appeal that were not first raised in the trial court is premised on the doctrine of waiver." *Fayne v. Vincent*, 301 S.W.3d 162, 171 (Tenn. 2009) (citations omitted).

As to his claim concerning his inability to provide this court with a transcript, we note that all parties are also provided an opportunity to submit a statement of the evidence that may be based upon a party's own recollection of the evidence submitted at the hearing. Husband submitted a statement of the evidence that was later rejected because it did not convey an accurate or complete accounting of the final hearing. With

all of the above considerations in mind, we conclude that any alleged error in the trial court's denial of the motion to lift the temporary injunction was harmless.

B.

Husband argues that the trial court erred by not staying proceedings in this case while his criminal charges were pending and asserts that he was forced to choose between his right to confront his accuser in the divorce proceeding and his right against self-incrimination. He reasons that any evidence he presented in the divorce proceeding could have been used against him in the criminal proceeding. This court has provided the following guidance on this matter:

> The decision whether or not to stay civil litigation in deference to parallel criminal proceedings is discretionary. It requires the court to balance the interests of the party seeking to postpone the civil proceeding against the possible prejudice to the party who desires the civil litigation to go forward. This balancing process is situation-specific and requires the court to take a careful look at the particular circumstances before it. Courts customarily consider the following factors, among others, in deciding whether to stay a civil proceeding pending the resolution of a criminal case: (1) the extent to which the issues in the civil and criminal proceedings overlap, (2) the status of the criminal proceeding, (3) the plaintiff's interests in expeditious civil proceedings weighed against the prejudice to the plaintiff caused by the delay, (4) the hardship on the defendant, including the burden on the defendant if the cases go forward in tandem, (5) the convenience of both the criminal and the civil courts, and (6) the interests of third parties and the public.

*Bell v. Todd*, 206 S.W.3d 86, 94 (Tenn. Ct. App. 2005) (citations omitted).

We agree that there was an obvious overlap between the statutory grounds pled in the divorce complaint and Husband's pending criminal charges. Indeed, the court ultimately awarded Wife a divorce based upon the ground of inappropriate marital conduct, finding as follows:

> The Court finds that there is no greater proof of inappropriate marital conduct than solicitation of someone to kill your spouse. [Husband] has failed to deny this allegation. The proof is established by a preponderance of the evidence that [Husband] did attempt to hire someone to kill [Wife].

- 5 -

We acknowledge that Husband was limited in his defense of the statutory grounds pled in support of the divorce complaint; however, Wife was tasked with proving her allegations in the divorce proceeding based upon a preponderance of the evidence, not beyond a reasonable doubt as would later be required in the criminal proceeding. Further, the divorce action concerned more than the statutory grounds pled in support of the request for divorce. The court was also tasked with classifying and dividing the marital property and ruling upon requests for alimony and attorney's fees. Delaying ruling on these issues would have resulted in prejudice to Wife, who was unable to move forward in her life without resolution of these issues. Husband's criminal proceedings were delayed and new charges of soliciting Wife's murder were even added while the divorce action was pending. In deference to the trial court's discretion in such matters, we uphold the court's denial of the motion for a stay of the proceedings pending the resolution of the criminal charges.

C.

Husband next takes issue with the trial court's denial of the motion to recuse. Without question, "[t]he right to a fair trial before an impartial tribunal is a fundamental constitutional right." *Bean v. Bailey*, 280 S.W.3d 798, 803 (Tenn. 2009) (quoting *State v. Austin*, 87 S.W.3d 447, 470 (Tenn. 2002)); Tenn. Const. Art. VI, § 11. This constitutional right "is intended 'to guard against the prejudgment of the rights of litigants and to avoid situations in which the litigants might have cause to conclude that the court had reached a prejudged conclusion because of interest, partiality, or favor.'" *Id.* (quoting *Austin*, 87 S.W.3d at 470). "[P]reservation of the public's confidence in judicial neutrality requires not only that the judge be impartial in fact, but also that the judge be perceived to be impartial." *Kinard v. Kinard*, 986 S.W.2d 220, 228 (Tenn. Ct. App. 1998); *see also Offutt v. United States*, 348 U.S. 11, 14 (1954) (holding that "justice must satisfy the appearance of justice"). As such, Rule 2.11(A) of the Code of Judicial Conduct as set forth in Rule 10 of the Rules of the Supreme Court of Tennessee requires a judge to recuse himself or herself "in any proceeding in which the judge's impartiality might reasonably be questioned." *See also Smith v. State*, 357 S.W.3d 322, 341 (Tenn. 2011) (noting that recusal is required, even if a judge subjectively believes he or she can be fair and impartial, whenever "'the judge's impartiality might be reasonably questioned because the appearance of bias is as injurious to the integrity of the judicial system as actual bias'") (quoting *Bean*, 280 S.W.3d at 805).

The terms "bias" and "prejudice" generally "refer to a state of mind or attitude that works to predispose a judge for or against a party"; however, "[n]ot every bias, partiality, or prejudice merits recusal." *Alley v. State*, 882 S.W.2d 810, 821 (Tenn. Crim. App. 1994). To merit disqualification of a trial judge, "prejudice must be of a personal character, directed at the litigant, 'must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from . . .

participation in the case.'" *Id.* However, "[i]f the bias is based upon actual observance of witnesses and evidence given during the trial, the judge's prejudice does not disqualify the judge." *Id.*

There are no facts alleged or shown in the record either that demonstrate actual bias on the part of the Judge or that would lead a well-informed, disinterested observer to question the impartiality of the Judge in this case. It cannot be argued that the Judge had a duty to recuse himself in this case. We affirm the trial court's denial of the motion.

D.

Lastly, Husband takes issue with the trial court's classification and division of marital property. The trial court's classification is a finding of fact, which we presume to be correct unless the evidence preponderates otherwise. *Owens v. Owens*, 241 S.W.3d 478, 485 (Tenn. Ct. App. 2007). The division of a marital estate is a discretionary decision, but the underlying facts for that decision play a part in appellate review. *See Jolly v. Jolly*, 130 S.W.3d 783, 785-86 (Tenn. 2004) ("Appellate courts generally defer to the trial court's decision unless it is inconsistent with the factors in Tennessee Code Annotated section 36-4-121(c) or the evidence preponderates against the trial court's ruling."). "In the absence of a transcript or statement of the evidence, we conclusively presume that the findings of fact made by the trial court are supported by the evidence and are correct." *In re M.L.D.*, 182 S.W.3d 890, 895 (Tenn. Ct. App. 2005) (citing *J.C. Bradford & Co. v. Martin Constr. Co.*, 576 S.W.2d 586, 587 (Tenn. 1979)). Before conclusively presuming as such, we must first acknowledge Husband's argument that the trial court improperly rejected his statement of the evidence, hindering the review of his issues on appeal. The record reflects that Husband filed a statement of the evidence for the trial court's review on April 21, 2020. No objection was filed to the proposed statement; however, the trial court rejected the statement, finding as follows:

> The Statement of the Evidence does not meet the requirement of [Rule 24(c) of the Tennessee Rules of Appellate Procedure in that it does not convey an accurate and complete account of the final hearing in this matter, is not certified by [Husband], nor was it accompanied by a short and plain description of the issues [Husband] wishes to raise on appeal. In fact, [Husband] admits adding testimony that was not heard by the Court. Accordingly, the Statement of the Evidence is not approved for consideration by the Court of Appeals.

We uphold the trial court's ruling. Accordingly, we must also affirm the court's classification and division of marital property.

## V.    CONCLUSION

We affirm the judgment of the trial court.  The case is remanded for such further proceedings as may be necessary.  Costs of the appeal are taxed to the appellant, Gary Alan Montgomery.

_____
JOHN W. MCCLARTY, JUDGE